438 P.2d 180

**Nabbie C. SORENSEN, Plaintiff and Appellant,**

v.

**S. Morgan SORENSEN, Defendant and Respondent.**

No. 11013.

Supreme Court of Utah.

Feb. 29, 1968.

Gustin & Richards, Harley W. Gustin, Salt Lake City, for appellant.

Clyde, Mecham & Pratt, Frank J. Allen, Salt Lake City, for respondent.

HARDING, District Judge.

This is an appeal from an order reducing the alimony award in a divorce decree from $1250 per month to $1000 per month. The decree was entered May 29, 1962, and the modification order was signed and entered on August 11, 1967. The petition for the modification was filed by the defendant husband, who is the respondent in this appeal.

■ The rules governing modification of the alimony portion of a divorce decree grant the trial court the advantage of some discretion, since the parties are usually before the court and a sounder appraisal of the situation can be made. Generally, the court is required to give such a decree the final status accorded to any civil judgment and to apply the doctrine of res judicata thereto. The parties should be entitled to rely on the finality of the alimony award in determining the right to receive and the duty to pay. Our statute permits subsequent changes which are reasonable and proper. This has been construed to empower the court to make a modification where there has been a substantial change in the material circumstances of either one or both of the parties since the decree was entered. An application for a modification should be subjected to thorough scrutiny by the court. There are many factors that can have a bearing on the resolution of the question. Such factors will be mentioned here only so far as pertinent to this particular case.

■ It must be borne in mind that the burden of showing such changed circumstances is upon the party seeking the modification.[1]

■ Where the modification is sought by the husband, ordinarily, it should be shown that he has not caused or contributed to the existence of the grounds for which modification is sought.[2]

■ The fact that the wife owns property which has increased substantially in value or ability to produce income after the entry of the decree for alimony is an important consideration, as is the fact that a child whom the wife has been supporting has married and has become employed and self-supporting.

1. Crosby v. Crosby, 182 Va. 461, 29 S.E. 2d 241; Lambert v. Lambert, 66 Wash. 2d 503, 403 P.2d 664; Fish v. Fish, 67 Idaho 78, 170 P.2d 802.

2. Crosby v. Crosby, supra; Lambert v. Lambert, supra.

The defendant's alleged grounds for modification are:

(a) A deduction of $6000 per year in salary, being about ten per cent of his total income;

(b) His remarriage and assumption of the obligation to support a wife and to assist her in caring for her handicapped child;

(c) Expenditures for richly furnishing a lovely home for display purposes to augment his employer's business;

(d) Expenses incurred in making himself available for service on boards of directors of national furniture marketing associations;

(e) That the parties' daughter, who was 18 years of age at the time of the decree, was then living with the plaintiff mother and attending school, and that the daughter has since married and is self-supporting and no longer resides with the plaintiff;

(f) That there has been substantial improvement in the liquidity of and the income from the wife's separate property.

The evidence shows that the first four grounds involved voluntary action on the part of the defendant and, under the circumstances, are not available to him in justification for reducing the alimony.

In regard to (e), there was no showing as to who furnished the daughter's support in the mother's home or who paid for her schooling or other expenses. For all the evidence shows, the daughter's expenses may have been borne by her parents equally in discharge of their moral obligation to properly rear her and to provide the privilege of the higher education to which she was entitled according to their station in life and in the society to which they belonged.

As to (f), no evidence was given or offered to show the amounts or values of property or income therefrom to support this ground.

The court holds that the defendant's alleged grounds for a reduction of alimony are insufficient to justify any modification.

The case is remanded to the trial court with directions to reinstate the original alimony award as of the month of August 1967, and to consider and make an appropriate order on counsel fees and costs in both the District and Supreme Court.

CROCKETT, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

CALLISTER, J., having disqualified himself, did not participate herein.