475 P.2d 1021

**Ruth Cain ALLEN, Plaintiff and Respondent,**

v.

**Arthur A. ALLEN, Jr., Defendant and Appellant.**

**No. 11918.**

Supreme Court of Utah.

Aug. 17, 1970.

2. Heathman v. Fabian & Clendenin, 14 Utah 2d 60, 62, 377 P.2d 189 (1962).

88

Harold G. Christensen, of Worsley, Snow & Christensen, Salt Lake City, for defendant and appellant.

James W. Beless, Jr., Salt Lake City, for plaintiff and respondent.

RUGGERI, District Judge:

Appeal from a judgment denying defendant's petition to modify a divorce decree.

On October 10, 1968, the plaintiff was granted a decree of divorce from the defendant, and was awarded the custody of a minor child; $100 per month for the child's support; and alimony of $200 per month. The plaintiff, at the date of the granting of the divorce, was not employed, but contemplated securing employment within six months to assist her in adequately maintaining a home for herself and minor child. As of the date of the divorce decree, two additional daughters of the parties, not minors, were college students and residing with the plaintiff. While the divorce hearing was conducted as a default matter, the defendant was nevertheless present, and, in effect, stipulated to the terms of settlement as decreed by the court. Shortly following the divorce hearing the plaintiff found employment, and at the time the petition for modification of the decree was heard her net monthly earnings were approximately $210.

The defendant's petition for modification is predicated upon a substantial change in the material circumstances of either one or both of the parties since the entry of the decree of divorce. He bases his contention on several facts, one of which is that the plaintiff has permanent employment, and he seeks a discontinuance of the alimony allowance of $200 per month. However, the decree of divorce, when granted, contemplated that the plaintiff would secure employment and contribute to her own support. The defendant further contends that since the former residence of the parties was sold, and the proceeds divided, this fact constitutes a material change in the plaintiff's financial circumstances. However, here again, there is a development that was contemplated at the time of the trial court's decree. Clearly, no provision was made in the decree of divorce for the two adult daughters of the parties who were residing with their mother and attending college at the time of the divorce, and the fact that one has married and left plaintiff's home, and that the other has secured gainful employment, has no relevance to the alleged change of plaintiff's circumstances as related to the provisions of the divorce decree for alimony and support money. Admittedly, there has been no material change in the income or circumstances of the defendant since the granting of the divorce decree.

Subjecting the defendant's application for modification to thorough scrutiny, as did the trial court, and bearing in mind that the burden of showing a substantial change of circumstances is upon the defendant,[1] the facts in the instant case fail to support the intervention of this court, and the trial court's judgment is affirmed with costs to the plaintiff.

CROCKETT, C. J., ELLETT and TUCKETT, JJ., and JOSEPH E. NELSON, District Judge, concur.

CALLISTER and HENRIOD, JJ., having disqualified themselves, do not participate herein.

---

1. Sorensen v. Sorensen, 20 Utah 2d 360, 438 P.2d 180.