481 P.2d 54

**Wanda Martha SHORT, Plaintiff and Respondent,**

v.

**Ralph Arlind SHORT, Defendant and Appellant.**

**No. 12225.**

Supreme Court of Utah.

Feb. 19, 1971.

Ellett, J., concurred in result.

Joseph P. McCarthy, Salt Lake City, for defendant-appellant.

Oscar W. McConkie, Jr., of Kirton & McConkie, Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a judgment of dismissal of a petition for modification of an alimony award downward. Affirmed with costs on appeal to Mrs. Short, with a remand that the question of attorney's fees, if any, be resolved by the trial court where certain aspects of this case still are pending.

The parties were married in 1947 and have two children. A divorce complaint was filed in 1961 and found repose, for some undisclosed reason, in the court's archives till 1966 when it became restless and was amended, resulting in a divorce in January 1967, in which Mrs. Short, unemployed at the time, was awarded $75 per month alimony and a like amount for support of the children. Mrs. S., who had been employed in the past, obtained employment thereafter, after which Mr. S. filed a petition to eliminate the alimony, on the ground of changed circumstances, and was denied relief. It appears obvious to us that the award in the decree was consistent with and based upon the assumption that Mrs. S. again would be able to obtain employment,—otherwise the trial court's socioeconomic philosophy would have been superficially inane. Less than a year later Mr. S. petitioned again to eliminate the alimony and again was rebuffed, as he was again in July 1970, by dismissal thereof, subject of this appeal.

There is but one point on appeal: That the court erred in failing to compare the parties' present circumstances in relation to those at the time of the decree.

By and large in the ordinary divorce case the appellant's contention would be meritorious, and the cases decided by this court sustain his contention. The difficulty here is that in exercising the latitude of discretion accorded to and recognized in the trial court in these domestic relations matters the appellant's contention is not immalleable, but must yield to reason and the equities attendant in each particular case. In the instant case, we must and do assume that the court did not intend that the $75 alimony award would be eliminated if Mrs. S. obtained a job paying $75 per month,—or even $175 per month,—or even $389 per month, the income of Mrs. S. at her job at time of the third petition to eliminate the alimony. We think the facts in this case themselves reflect no abuse of discretion on the part of the trial court in refusing to vacate the $75 alimony award, and we base our conclusion here, not necessarily on any authority to the effect that the court views the facts in relation to the last petition for modification,[1] but because the denial was not capricious when viewed in the light of circumstances existing at the time of the decree,—the $75 award implemented by a necessary and inescapable assumption by the court that Mrs. S. could not survive under any conceivable hypothesis on $75 per month, and there is nothing in the record to indicate she had any other means of livelihood.

CALLISTER, C. J., and TUCKETT and CROCKETT, JJ., concur.

ELLETT, J., concurs in the result.

---

1. 18 A.L.R.2d 18.