493 P.2d 620

**Lee C. FELT, aka Lee Craig Felt, Plaintiff and Appellant,**

v.

**Robert S. FELT, Defendant and Respondent.**

**No. 12409.**

Supreme Court of Utah.

Feb. 1, 1972.

VanCott, Bagley, Cromwell & McCarthy, Clifford L. Ashton, Thomas M. Burton, Richard H. Stahle, Salt Lake City, for plaintiff-appellant.

Gayle Dean Hunt, Salt Lake City, for defendant-respondent.

HENRIOD, Justice:

Appeal from a judgment reducing an alimony award of $12,000 per year to $1.00 per year. Reversed and remanded for a new trial, with costs to appellant.

The parties had been wife and husband for about 18 years before Mrs. F filed for divorce. Incident thereto a 13-page "Property Settlement Agreement" was executed by the parties, the significant part of which, so far as this case is concerned, was the following paragraph:

> It is further agreed . . . that the aforesaid amount of alimony ($1,-000 per month) . . . is a reasonable sum in view of the efforts made by plaintiff in assisting defendant in his

professional education and considering the present circumstances and social standing now enjoyed by Lee C. Felt: and that said amount shall not be hereafter adjusted, notwithstanding increases *or decreases* in any amount in the income of plaintiff, and notwithstanding any changes in the income of the defendant *unless said changes are substantial and so decrease the defendant's income so that defendant is reasonably unable to pay the alimony agreed to herein.*

The paragraph above certainly contemplates that plaintiff intended to seek employment for more than the part-time work and its income, in which the record reflects she then was engaged, with no reference to or finding as to her then income.

The court, upon hearing the matter, must have understood that Mrs. F accepted the $1,000 per month alimony *on condition* that she could supplement it with other income,—otherwise the provision, to which Mr. F, without objection, voluntarily became signatory, made no sense. The court incorporated the paragraph as a part of the decree, with the statement: "which Property Settlement Agreement the court hereby adopts as fair and reasonable." The findings and decree of the court were supported by Mrs. F's testimony that she was the main source of income for the first seven years while her husband was completing his medical training, that she presently worked part-time and hoped to work again, which the trial court remarked at that point, by asking what we think was a very significant question to the effect that: "So you can supplement your income to some extent?" to which Mrs. F said "Yes."

■ About a year after the divorce, Mr. F was cited for nonpayment of alimony and was ordered to pay $4,000 in arrearages, and again, about eight months later, was ordered to pay another $8,000 for the same reason, and pursuant thereto he was ordered to appear about two months later to determine the issue of contempt at which time he was found in contempt, was sentenced to 10 days in jail, and given an opportunity to purge himself by promptly paying the alimony when it accrued, and by paying off the past due judgments. At the time Mr. F was cited for contempt, he filed a motion to delete the alimony, which was heard at the same time as the contempt issue. Mr. F's counsel referred to the case of Callister v. Callister[1] which holds in effect that the court has continuing jurisdiction to raise or lower alimony irrespective of any agreement of the parties, if there is a change of circumstances *warranting* such modification,—a principle which consistently we have espoused,— and a principle which simply is repeated

1. 1 Utah 2d 34, 261 P.2d 944 (1953).

in the paragraph signed by the parties and quoted above, the only question in the instant case being whether the burden of proof, which in this case was Mr. F's, was borne with such substantiality as to warrant the emasculation of a $12,000 award of alimony except for a token annual $1.00 that certainly cannot be categorized as deficit financing.

Mr. F's brief makes much of certain testimony, that the trial court apparently did not believe, or which was not pertinent in the hearing on the motion to amend the decree, since nowhere are the facts reflected in said testimony found in the court's written Findings, i. e.:

■ Mr. F said he questioned the advisability of signing the agreement, but his counsel advised him to sign it, saying any district court judge would agree it was fair and equitable. His counsel proved to be right, since the district court in a signed decree said just that, and such evidence is not pertinent since he signed the agreement. His counsel questioned Mrs. F as to her role in helping Mr. F in securing his medical education. This had already been canvassed before the divorce decree was entered, and hence was inapropos here, but only a possible matter to consider on a motion for new trial or appeal. He questioned Mrs. F about her present income and the best he could get from such interrogation was $9,000, without any

testimony or adduced facts about what Mrs. F was making part-time at the time of the decree. In such event the $9,000 is not an absolute and at best an elusive factor in determining changed circumstances. He questioned her about her equity in the home and about insurance policies awarded to her in the decree,—facts quite impertinent and inadmissible here. He asked her about her husband's sterilization that occurred 18 years before the divorce, another matter not pertinent and a fact existing before and merged in the decree. He asked Mr. F about his health problem occurring after the decree, and about the added burdens of his practice and about his being so tired that he stumbled around on going to bed, and about consulting doctors and what they advised him, and about some immaterial matters such as increased seminar costs, insurance costs, etc. It is apparent that the trial court thought the above recitals either were immaterial or that he did not believe Mr. F, since no mention of them was made in the court's Findings. The fact that Mr. F remarried a woman with a child was not material, but considered so in the Findings.

■ What seems to be cogent to us in this case that the findings of the trial court, some of which cannot be used in a conclusion to relieve one of alimony payments, did not warrant the termination of a $12,000 annual award. To justify our

conclusion in this respect we advert to the Findings of the court, set forth in italics, abstracted so far as pertinent here, as follows, without comments thereon in plain type:

> 6. *That plaintiff is qualified by education and experience to support herself, which was demonstrated throughout the marriage and particularly now after she works full time, while only part time at the time of the decree, at which time she was under the doctor's care.*

This finding has to do largely with matters existing before the decree and taken into account in arriving at the alimony award, except that part about full-time employment, and with that exception the Finding is on matters that are res judicata and if canvassable at all, were matters to be considered on timely appeal, not three or four years later on motion to amend.

> 7. *That the agreement was based in part on recognition of Mrs. F's assistance in Mr. F's education; that such efforts were substantial, but that his education was substantially completed before the marriage.*

All the facts recited in this finding were before the court prior to the decree and cannot be considered by another division of the court three years later, since they are merged in the decree, are res judicata, and their consideration in this case is tantamount to the granting of a three-year belated new trial on the merits,—and hence cannot be considered in determining the modification of the alimony award.

> 8. *That Mrs. F was entitled to alimony for a given period of time sufficient to adjust to single life; that to continue to allow permanent alimony in the light of present circumstances is unjust, unnecessary and unequitable and hence the decree should be modified to nothing but $1.00 a year.*

This Finding mostly is a conclusion and not a statement of proven fact and there is nothing recited therein to indicate what present circumstances are, let alone that they are unjust,—all of which amounts to an ipse dixit probative of nothing enlightening in determining that an alimony award should be modified. Besides, it is somewhat of an affront to the decree whose author entertained the motion and said that it was fair and reasonable that any increase or decrease in Mrs. F's income, as agreed to by Mr. F, should not be considered as a factor in any adjustment of the award.

> 9. *That Mrs. F's earnings are sufficient to maintain herself without dependence on Mr. F.*

This simply is a conclusion not bottomed on any specific facts recounted anywhere in the Findings, and it is impotent as a factor in changing the award.

10. *That Mr. F has remarried one who has a child, both of whom he supports; that Mrs. F is single.*

The fact of remarriage cannot be used in determining modification of an alimony award, although in some conceivable rare case it might, and we are at a loss to know why the trial court so found,—unless it was on account of what was said in Callister v. Callister, supra, which recited the fact of remarriage, which we disaffirm if it is urged that such fact is admissible for the purpose of reducing the alimony award in the instant case.

11. *That since the divorce Mr. F's costs of doing business has substantially increased, as has his income but not commensurate therewith.*

Nothing is reflected in this Finding that would indicate that Mr. F's income had decreased so that he was reasonably unable to pay what he agreed or to justify the wiping out of a $12,000-per-year-alimony award, and we are unimpressed with such a generalized, unspecific finding in this case.

12. *That Mrs. F's income is substantially higher than at the time of divorce.*

The Finding does not state how much higher, and represents conjecture, since there is no fact stated in comparison as to what Mrs. F's income was at the time

of divorce, because there was no evidence before the decree or thereafter as to her part-time income.

14. *That substantial changes in the circumstances have occurred since the decree.*

This kind of Finding is fraught with meaninglessness without any recitation as to what the substantial changes were, and lends nothing to a justification for the elimination of an annual $12,000 alimony award.

We think the written Findings in this case are so fragmentary and unspecific as not to justify the drastic elimination of an annual $12,000 award, except for a dollar, and we so hold. In doing so, we affirm our previous pronouncements that a divorce decree containing awards for support based on either expressed or assumed facts contemplated by the parties or the court or both, should not be modified when the contemplated facts are obvious or agreed to by the parties and in turn incorporated in the decree, in which event the continuous jurisdiction of the court to modify should not be used to thwart the expressed or obvious intentions of the parties and/or the court,—unless such contemplated facts lead to manifest injustice or unconscionable inequity.[2] The Findings of the instant case, in our opinion, do not reflect such inequity justifying the drastic modification in-

---

2. Cody v. Cody, 47 Utah 456, 154 P. 952 (1916); Allen v. Allen, 25 Utah 2d 87, 475 P.2d 1021 (1970); Short v. Short, 25 Utah 2d 326, 481 P.2d 54 (1971).

dulged, but do represent some change in circumstances that, with other changes, if shown, might in the aggregate require the application of the rule that the court in a proper case is not bound by an agreement, that might warrant some lesser or total modification. Therefore we are constrained to remand this case for a new trial with instructions to entertain evidence of facts occurring after, not before, the decree was entered, and in accordance with the observations stated herein,—and we so hold. (Emphasis added.)

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.

See also 18 A.L.R.2d 10, 21 (1951) where it is observed that "Where the alleged change in circumstances of the parties is one that the trial court expected and probably made allowances for when entering the original decree, the change is not a ground for modification of the decree." See also concurring opinion of two of the Justices in MacDonald v. MacDonald, 120 Utah 573, 236 P.2d 1066 (1951).