511 P.2d 155

Alice B. RING, Plaintiff and Appellant,

v.

Wallace H. RING, Defendant and Respondent.

No. 12961.

Supreme Court of Utah.

June 19, 1973.

Frank J. Allen, of Clyde, Mecham & Pratt, Salt Lake City, for plaintiff-appellant.

Edward M. Garrett, of Hanson & Garrett, Salt Lake City, for defendant-respondent.

CALLISTER, Chief Justice:

Defendant petitioned the trial court for a modification of a decree of divorce, entered September 19, 1968, on the ground that there had been a material change of circumstances. Specifically, he sought his obligation of alimony terminated, his rights of visitation with his three children expanded, and to compel plaintiff to pay one-half of the cost of transportation of the children when he exercised his visita-

tion rights. With the exception of the pre-paid shipment demand, the trial court granted the requested modification, plaintiff appeals therefrom.

The parties were married in 1956, at the time of their divorce, they were both licensed to practice medicine as physicians and surgeons. Defendant was a qualified specialist in pediatric anesthesiology, earning $29,597 per year. Plaintiff was employed part time in the public health field, earning approximately $7,000.00 per year. At the time plaintiff initiated the divorce proceeding, defendant filed a counterclaim, alleging that plaintiff was capable of supporting herself; and, therefore, she was not entitled to alimony. Defendant withdrew his counterclaim and entered into a stipulation, which was approved by the court and incorporated into the decree. Defendant was obligated to pay $600.00 alimony and $200.00 child support, each month. Plaintiff was awarded custody of the three children subject to the reasonable visitation rights of defendant.

Subsequent to the divorce, plaintiff commenced training in the field of public health. She moved temporarily to the area near San Francisco, California, while pursuing her specialty. She found employment with the United States government as Assistant Regional Director for Health Manpower in the Public Health Service. At the time of the hearing on the modification petition, plaintiff had not completed the requisite training to be eligible to take the examinations for certification in her specialty. Her salary was $25,620.00 per year.

The changed circumstances as reflected in the findings of fact were that plaintiff had received additional training, had found full time employment, had increased her yearly earnings by $19,000, and that she was able to support herself on her salary. The court further found that at the time of the divorce, the plaintiff and the children resided in Salt Lake City. The court refined the visitation privileges of defendant by specifying that the children spend one month in the summer in Salt Lake City, with the children to remain a second month if they so elected and signified their intention in writing. The children were further to visit with their father for one week of the Christmas holiday, including Christmas day every other year. The trial court on its own motion found that the monthly child support of $66.66 per child was inadequate and increased the sum to $125.00. The trial court failed to include in its findings, the fact the defendant's income had increased approximately $11,000.00 per year and that he had not incurred any new financial obligations.

On appeal, plaintiff contends that the alleged clarification of visitation rights, in fact, constituted a change in the custody of the children. Plaintiff urges that the mere change of residency of the

children was not a sufficient ground to modify their custody for ⅙ of the year.

The trial court found that the distance at which the children resided made it difficult for defendant to exercise his rights of visitation and that defendant's desire for association with the children could not be reasonably achieved unless they were with him for an extended period of time.

Whether the order of the trial court be denominated a change of custody or a refinement of visitation rights, the circumstances were such that it must be held to be reasonable and necessary as provided in § 30–3–5, U.C.A.1953, as amended 1969. The two older children are teenagers, ages 16½ and 13½; defendant has represented that he will not arbitrarily disrupt their lives in the exercise of his rights. The trial court conferred with the eldest child at the hearing; she agreed with the order, if her father would consider her desires and plans also. The trial court conscientiously sought to reconcile the conflicting interests, not only of the parents but also of the children. The trial court did not abuse its discretion by assuring defendant of his right of companionship with his children; however, in accord with defendant's representations, the order should incorporate the qualifications of his rights to which he has acceded.

Plaintiff further contends that the trial court erred in its modification order, reducing her alimony from $600.00 per month to $1.00 per year. She cites three separate grounds to support her assertion: 1) the trial court had an unduly restrictive concept of the purpose of alimony; 2) the alleged change of circumstances did not compel a complete elimination of alimony; 3) the trial court abused its discretion in modifying a decree based upon stipulation in the absence of any showing of hardship.

In fact, these separate arguments are merely facets of one problem as urged by plaintiff in her motion for rehearing before the trial court, i. e., the effect of the order was to reduce defendant's contribution to plaintiff for maintenance of a life style to which the parties' three children were accustomed. Plaintiff's evidence indicated that the family resources had been devoted to furnishing the children advantages which she alone could not provide. The eldest child had travelled through Europe on a summer study program. Two of the children had been to Hawaii, and one had been to Washington. They belonged to a tennis and swimming club, and the children belonged to several organizations, requiring membership dues and uniforms. The children were provided with pets, entertainment, educational materials, allowances, expensive recreational equipment, and special medical and dental treatment. Defendant contributed $66.66 monthly per child to support them in this lifestyle. Plaintiff's point is obvious, by stipulation, the parties agreed that $800.00 per month

was reasonable and necessary to support the family unit; the apportionment between alimony and child support was motivated by tax considerations.

The trial court recognized that the elimination of alimony would cast a disproportionate share of the burden of support of the children on plaintiff; so on its own motion the amount was increased, but the level was arbitrarily set by the court. The elimination of the alimony award was predicated on plaintiff's testimony that her salary was sufficient to support herself. However, plaintiff has more than herself to sustain. She had to locate a dwelling in an appropriate neighborhood for the children, which compels her to commute to her employment. Her duties require her to travel to Hawaii, Nevada, Arizona, and throughout California; so she must expend a portion of her income for child care. Plaintiff's evidence indicated that much of the $19,000.00 increment in salary was offset by additional expenses. The stipulation between the parties had provided that the defendant could claim the three children as exemptions on his tax; plaintiff could claim only herself. (The trial court modified this tax provision, and defendant cross-appealed on this point.) Thus plaintiff's tax burden did not reflect her financial responsibilities.

In Harding v. Harding,[1] the husband sought a modification of the alimony award. This court observed that since neither party had appealed from the decree of divorce, it must be assumed that the decree was a fair and equitable disposition of their property and allocation of their respective incomes in the light of the proper factors to be considered. The Hardings had adult children, who resided with their mother. Mr. Harding took the position that since the children had attained their majority, and he had no duty to support them, their residing with their mother could not be considered as a factor in determining whether there should be a reduction in alimony. This court responded that in making his determination, the trial court is well advised in taking an over-view of the whole situation, of which a perfectly legitimate part is the household as maintained by the mother for the benefit of the family.

In Wilson v. Wilson[2] this court explained that in making an award of alimony, the trial court should endeavor to provide a just and equitable adjustment of their economic resources to enable the parties to reconstruct their lives on a happy and useful basis.

In the instant action, the trial court erred by its restrictive interpretation of alimony, i. e., could plaintiff sustain her-

1. 26 Utah 2d 277, 280, 488 P.2d 308 (1971).

2. 5 Utah 2d 79, 83, 296 P.2d 977 (1956).

·self? Inferentially, the court acknowledged, by increasing the child support, that an equitable allocation of the financial re·sources of the parties compelled a greater contribution by the defendant to the household maintained by plaintiff for the family, if the alimony were terminated. Upon rehearing, the trial court, in evaluating a modification of plaintiff's alimony, should ·consider the parties' respective economic resources and the equitable share each should contribute to the household to main·tain the family according to their station in life.

■ Defendant must furthermore sustain the burden of proving that there has ·been a *substantial* change in the *material* ·circumstances of either one or both of the parties since the decree was entered.[3] In ·the recent cases of Allen v. Allen[4] and Short v. Short[5] this court affirmed the or·der of the trial court, denying modification of alimony, where at the time the decree ·was granted, the parties contemplated that ·the wife would secure employment and ·contribute to her own support.

In the instant case, defendant initially ·resisted the award of alimony on the .ground that plaintiff had the ability and income to support herself. With full knowledge of these facts, defendant volun-

tarily entered into a stipulation granting plaintiff alimony. Defendant then proceeded to effect a termination on the same ground that he had previously abandoned when he had agreed to the stipulation, namely that his wife was qualified to support herself.

In Felt v. Felt,[6] this court observed that a change in the wife's income was not an absolute factor in determining whether there had been a change of circumstances warranting modification of alimony. This court stated:

> . . . a divorce decree containing awards for support based on either expressed or assumed facts contemplated by the parties or the court or both, should not be modified when the contemplated facts are obvious or agreed to by the parties and in turn incorporated in the decree, in which 'event the continuous jurisdiction of the court to modify should not be used to thwart the expressed or obvious intentions of the parties and/or the court,—unless such contemplated facts lead to manifest injustice or unconscionable inequity . . . .

This court concluded that the findings did not reflect such inequity as to justify the drastic modification from an award of $12,000.00 per year to $1.00 per year alimo-

---

·3. Sorensen v. Sorensen, 20 Utah 2d 360, 438 P.2d 180 (1968).

·4. 25 Utah 2d 87, 475 P.2d 1021 (1970).

5. 25 Utah 2d 326, 481 P.2d 54 (1971).

6. 27 Utah 2d 103, 108, 493 P.2d 620 (1972).

ny, although the circumstances might in the aggregate warrant some lesser modification.

In the instant case, plaintiff's urgence that the decree should not be modified without evidence of the hardship imposed upon defendant points to but one aspect which should be considered in evaluating whether the award, under the present circumstances, leads to a manifest injustice.

The order of the trial court is reversed, and this cause is remanded for further hearing. Costs are awarded to plaintiff.

ELLETT, CROCKETT and TUCKETT, JJ., concur.

HENRIOD, J., concurs in the result.