Delores Blood **MITCHELL**, Plaintiff and Respondent,

v.

William Keith **MITCHELL**, Defendant and Appellant.

No. 13565.

Supreme Court of Utah.

Nov. 7, 1974.

Jackson Howard of Howard, Lewis & Petersen, Provo, for defendant and appellant.

Kay M. Lewis of Jensen & Lewis, Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Plaintiff filed a petition to modify the alimony and child support payments awarded to her in a decree of divorce entered in February, 1970. The original decree awarded plaintiff $1 per year alimony and $90 per month for each of five minor children. Upon hearing of the petition, the trial court increased plaintiff's alimony to $100 per month and child support to $150 per child for the four minor children residing with her.

The trial court found that since the time of entry of the original decree, defendant's earnings had increased from a base salary of $13,196 per year plus bonus to a base salary of $19,355 per year; that the cost of living had increased considerably; and that plaintiff's living expenses for herself and minor children had increased to an amount in excess of $800 per month. The trial court concluded that there had been a substantial change of circumstances with a substantial increase in the cost of living, which justified an increment in the award.

Defendant appeals from the order decreeing the aforementioned modification. He contends that the amount of alimony to which plaintiff is entitled should be based upon her station in life at the time the decree of divorce was entered and should not be measured by defendant's present wealth and earning capacity. Defendant claims that the sole ground for modification of alimony was the increase in his income, and such a factor is relevant only insofar as ability to pay is concerned; and that there must be a change of circumstances to justify an increase in alimony. Defendant further urges that there must be a material change of circumstances to modify an award of child support, and such burden was not sustained by plaintiff. Defendant finally contends that in the original decree plaintiff was awarded the family home in lieu of substantial alimony payments, and such a property settlement should be deemed res judicata and held to preclude any subsequent modification of alimony.

Section 30–3–5, U.C.A.1953, as amended 1969, provides:

When a decree of divorce is made, the court may make such orders in relation to the children, property and parties, and the maintenance of the parties and children, as may be equitable. The court shall have continuing jurisdiction to make such subsequent changes or new orders with respect to the support and maintenance of the parties, the custody of the children and their support and maintenance, or the distribution of the property as shall be reasonable and necessary.

In accordance with this statute, this court has held that a proceeding to modify a divorce decree is equitable and the same authority is conferred upon the trial court to make subsequent changes as respect to support and maintenance as it could have dealt with them originally.[1] Under Article VIII, Section 9, Constitution of Utah, it is both the duty and prerogative of this court in an equitable action to review the law and the facts and make its own findings and substitute its judgment for that of the trial court. However, in a divorce action, the trial court has considerable latitude of discretion in adjusting financial and property interests, and its actions are indulged with a presumption of validity. The burden is upon appellant to prove that the evidence clearly preponderates against the findings as made; or there was a misunderstanding or misapplication of the law resulting in substantial and prejudicial error; or a serious inequity has resulted as to manifest a clear abuse of discretion.[2]

In the instant action, defendant has not included in the record on appeal a transcript of the hearing for the petition for modification. Defendant's points on

1. Harmon v. Harmon, 26 Utah 2d 436, 491 P.2d 231 (1971).

2. Harding v. Harding, 26 Utah 2d 277, 488 P.2d 308 (1971); Searle v. Searle, 522 P.2d 697 (Utah 1974).

appeal involve a factual determination, which this court obviously cannot undertake without a transcript of the hearing. The determination of the trial court that there had been a substantial change of circumstances, which justified the increase of support and maintenance, is presumed valid. This court must assume that the trial court, in evaluating the petition for modification for support, considered the parties' respective economic resources and determined what constituted the equitable share each should contribute to the household to maintain the family according to their station in life.[3]

The order of the trial court is affirmed. Costs are awarded to plaintiff.

HENRIOD, ELLETT, CROCKETT, and TUCKETT, JJ., concur.

3. Ring v. Ring, 29 Utah 2d 436, 511 P.2d 155 (1973).