Alfred RIDGE, Jr., Plaintiff and Respondent,

v.

Ruth Marie RIDGE, Defendant and Appellant.

No. 14058.

Supreme Court of Utah.

Nov. 3, 1975.

Cullen Y. Christensen, of Christensen, Taylor & Moody, Provo, for defendant-appellant.

S. Rex Lewis, of Howard, Lewis & Peterson, Provo, for plaintiff-respondent.

TUCKETT, Justice:

A divorce decree was modified by the court below and the defendant here is seeking a reversal.

The parties were divorced by decree of the District Court of Utah County on January 31, 1974. Under the provisions of the decree, the plaintiff was ordered to pay to the defendant alimony in the sum of $625 per month until the defendant should remarry, become deceased, or until the further order of the court. At the time of the divorce it was contemplated that the plaintiff would require surgery to correct cataracts which had developed in his eyes. The decree provided that should the surgery be performed and during recuperation by the plaintiff, the alimony would be reduced to $300 per month for a period of not to exceed three months. After the hearing, the trial court made a finding that plaintiff's gross income from his dental practice was approximately $32,000 per annum, and that the defendant's annual gross income was approximately $4,100. During July of 1974, the plaintiff underwent the contemplated surgery and he was thereaf-

ter away from his dental practice for two months, returning to work on September 2, 1974. The plaintiff was current on his alimony payments until December, 1974, and he then failed to pay for the month of December. The defendant obtained an order to show cause why the alimony had not been paid, and the plaintiff counterpetitioned for a reduction in alimony and the ultimate elimination thereof.

A trial was had and evidence was adduced which showed that the plaintiff's income from his practice had been reduced to the sum of $23,000 per year at the time of the modification hearing. At the modification hearing plaintiff testified that he had remarried and now has three minor children in his home, who are the children of his new wife. There was evidence to show that the income of the defendant had increased from approximately $4,100 per year to the sum of $4,500 per year.

After the modification hearing the court found and concluded that the prior decree should be amended so as to reduce the alimony payments to $500 per month to continue until July, 1978. In addition to that reduction the court went further and included the following provision in the decree of modification:

In July, 1978, the alimony payments will be reduced to $450.00 per month and continue thereafter until July 1, 1979, at which time the alimony payments will be reduced to $400.00 per month and continue thereafter until July 1, 1980, at which time the alimony payments will be reduced to $350.00 per month and continue thereafter until July 1, 1981, at which time the alimony payments will be reduced to $300.00 per month and will continue thereafter until July 1, 1982, when the alimony payments will be reduced to $250.00 and will continue thereafter until July 1, 1983, when the alimony payments will be reduced to $200.00 per month and will continue thereafter until July 1, 1984, when the alimony payments will be reduced to $150.00 per month and will continue thereafter until July 1, 1985,

when the alimony payments will be reduced to $100.00 per month and will continue thereafter until July 1, 1986, when the alimony payments will be reduced to $50.00 per month and will continue thereafter until July 1, 1987, at which time the alimony payments will be terminated.

Section 30–3–5, U.C.A.1953, as amended, provides for continuing jurisdiction in the courts to make such subsequent orders and changes of alimony and support payments which shall be reasonable and necessary. In construing that section this court in a number of decisions has held that modification of alimony payments must be based upon a substantial change in the material circumstances of either one party or the other.[1] In this matter there was a substantial change in the plaintiff's income, and it was not an abuse of discretion for the trial court to reduce the alimony payments to the sum of $500 per month. However, that portion of the modification decree above quoted which provides for periodic reductions in alimony over a period of years so as to phase out those payments is not based upon evidence adduced at the modification hearing. There being a continuing jurisdiction in the courts to make modifications we are of the opinion that further and additional reductions should only be made after further hearings, and based upon evidence at such hearings which would justify changing the prior decree.

This matter is remanded with directions to the court below to modify its decree of modification by eliminating therefrom that portion which deals with future reductions as set forth in the language above quoted.

The defendant subpoenaed a witness who appeared at the hearing but was not called to testify. The court ruled that the witness not having been called, the defendant was not entitled to claim costs for her attendance. The trial court's ruling was erroneous.

The appellant is entitled to costs.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

1. *Sorenson v. Sorenson*, 20 Utah 2d 360, 438 P.2d 180; *Allen v. Allen*, 25 Utah 2d 87, 475 P.2d 1021; *Felt v. Felt*, 27 Utah 2d 103, 493 P.2d 620; *Ring v. Ring*, 29 Utah 2d 436, 511 P.2d 155.