**Lavon RUSSELL, Plaintiff and Respondent,**

**v.**

**Raymond RUSSELL, Defendant and Appellant.**

**No. 14361.**

Supreme Court of Utah.

June 9, 1976.

Pete N. Vlahos and Keith Henderson, of Vlahos, Knowlton, Quinlan, Ogden, for defendant and appellant.

George B. Handy, Ogden, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant appeals from an order granting a petition for modification of child support payments from $40 to $80 for each of two children. We affirm, and award costs to plaintiff.

The parties were divorced in November 1968. Plaintiff was awarded custody of six minor children. Defendant was ordered to pay $40 each for child support and $98.40 towards a mortgage payment. Plaintiff was granted the use of the family home, with title to remain in both parties, for a period of two years—the court to make a determination as to its disposition thereafter. In September 1968, pursuant to a stipulation of the parties, plaintiff was awarded the home, and defendant's obligation to contribute $98.40 towards the mortgage payment was terminated.

Plaintiff filed the instant petition seeking an increase to $100 per month for each child on the ground of a change of circumstances, viz., $40 per child was insufficient to meet the costs of their current needs.

At the time of the divorce the two children were 2½ and 8 years of age. At the time of the hearing the daughter was 16 and the son 11 years old. The older four children no longer reside with plaintiff. Plaintiff testified as to her various household expenses and the costs for the care of the children. Based thereon the court ordered the increase from $40 to $80 per child for support.

During the hearing of plaintiff's petition, defendant moved at the conclusion of plaintiff's case to dismiss the petition on the ground that, although plaintiff may have shown a change in her circumstances, she had not shown any change in defendant's circumstances and, therefore, she had not sustained her burden of proof. The trial court denied the motion. Defendant, although present and represented by counsel, did not present any evidence.

On appeal defendant contends there was insufficient evidence to support a finding of changed circumstances, as there was no evidence adduced as to defendant's earnings or economic ·position. Defendant urges that the trial court may not grant an increase, in child support, based strictly on the testimony of plaintiff without any evidence as to the status of defendant.

Under the circumstances of this case, defendant's argument is without merit. A determination of the trial court that there has been a substantial change of circumstances, which justifies the increase in child support, is presumed valid. The burden is upon defendant (the appellant) to prove the evidence clearly preponderated against the finding; or there was a misunderstanding or misapplication of the law, resulting in substantial and prejudicial error; or such a serious inequity has resulted as to manifest a clear abuse of discretion.[1]

At the time the decree was rendered, defendant was found able to pay $338.40 per month towards the support of his family. Since the defendant has presented no evi-

1. *Mitchell v. Mitchell,* 527 P.2d 1359 (Utah 1974).

dence to the contrary, it must be assumed that he is able to pay the lesser sum of $160 per month for his two minor children.

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.