Anita Dumesnil CUMMINGS, Plaintiff and Respondent,

v.

Patrick C. CUMMINGS, Defendant and Appellant.

No. 14611.

Supreme Court of Utah.

March 16, 1977.

Michael F. Heyrend and James M. Jones, of Carr, Heyrend & Jones, Salt Lake City, for defendant and appellant.

Richard L. Bird, Jr., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant-husband petitioned for a modification of child support and alimony. Upon hearing the petition was denied. We affirm. Costs awarded to respondent.

Upon appeal defendant concedes the child support payment of $125 per month, for each of the three children, is not excessive and the order continuing them is not an abuse of discretion. Defendant contends the court erred in denying the plea to reduce alimony of $285 per month, that such action was manifestly inequitable and constituted an abuse of discretion.

Defendant alleged a change in circumstances, which he urged merited a reduction or elimination of alimony. At the time of the divorce (two years prior to this hearing), plaintiff was unemployed, and two of the children were of pre-school age. At the time of the hearing the children were ages 7, 8 and 13, plaintiff was employed part-time, receiving a take home pay of $250. Plaintiff testified she was compelled to take part-time employment to provide for the family. The children needed dental care, corrective eye glasses, and desired to participate in athletic activities, which required certain expenditures.

Defendant claims plaintiff should find full-time employment, since the children are now in school. Also, she should become self-sustaining without the benefit of alimony.

Defendant's income after taxes was $15,705.06 in 1973; $21,987 in 1974; and $18,000 in 1975. The hearing for modification was held May 5, 1976. Defendant testified he had previously been engaged in several restaurant enterprises, which had produced substantial income. He had sold the restaurant and was embarking on a different career; consequently his income had been drastically reduced to approximately $775 per month. He testified he had invested in another business, which currently produced an income of approximately $375 to $400 per month. In addition, he had a part-time employment as a checker in a grocery store, but he intended to take a position with the grocery chain as a manager.

Defendant further conceded he would soon receive $5,000 of a $25,000 down payment on his restaurant, and thereafter payments of $470 per month, plus 8½ percent interest for a period of five years. At that time, he would receive a balloon payment. He conceded he expected to improve his income, viz., expanding the current business, and taking full-time employment.

He testified he had purchased a home for $115,000, which he sold. Then a home of $46,500, where he currently lives. He also had purchased a 1975 Blazer, a new motor for his boat, and three motorcycles. He admitted he owned a motorhome, which he was awarded in the divorce decree, which he could sell.

With his $775 per month income, the $470 payment per month coming from the sale of his cafe, and the $5,000 down payment; the court determined defendant yet had available money equivalent in amount to $20,000 per year. The court considered the cash available, the circumstances of the parties; and ruled a reduction was not justified. The court was of the opinion the reduction of defendant's income was temporary, and there had not been a substantial change in circumstances.

Defendant contends the substantial changes in his economic life during the first four months of 1976 constitute a sufficient ground for modification of his divorce decree. The determination of the trial court, according to defendant, was inequitable and unjust and failed to consider adequately the total circumstances of the parties, particularly in regard to their current relative economic conditions.

In evaluating a petition for modification of support, under a divorce decree, a court must consider the parties' respective economic resources. It must determine what constitutes the equitable share each should contribute to the household, to maintain the family according to their station in life.[1]

Here the court determined defendant had sufficient economic resources to continue the maintenance of his family; and the decrease in income was temporary. A review of the record supports this finding. The asserted serious inequity, manifesting a clear abuse of discretion, cannot be sustained; in view of defendant's historical earning ability, and his concession he soon intended to take a full-time managerial position.

The defendant has not sustained his burden, to prove the evidence clearly preponderates against the findings. Nor has he shown there was a misunderstanding or misapplication of the law resulting in substantial and prejudicial error, or serious inequity.[2]

ELLETT, C. J., and CROCKETT, WILKINS and HALL JJ., concur.

---

1. *Ring v. Ring*, 29 Utah 2d 436, 441, 511 P.2d 155 (1973).

2. *Mitchell v. Mitchell*, Utah, 527 P.2d 1359 (1974).