**Marilyn M. OWEN, Plaintiff and Appellant,**

v.

**Robert B. OWEN, Defendant and Respondent.**

**No. 15330.**

Supreme Court of Utah.

May 3, 1978.

---

Nielsen, Henriod, Gottfredson & Peck, Joseph L. Henriod, Bruce J. Nelson, Salt Lake City, for plaintiff and appellant.

Robert Felton, Salt Lake City, for defendant and respondent.

CROCKETT, Justice.

Plaintiff, Marilyn M. Owen, appeals from the denial of her petition to modify a divorce decree to increase child support from $100 to $175 per month for each of the parties' two minor children, ages 8 and 11.

After 8 years of marriage, the divorce was granted in 1973. Plaintiff was awarded the family home and furniture, custody of the children, together with $100 per month each for their support; and alimony of $150 per month, for a period of 18 months.

Plaintiff does not question this basic proposition: That inasmuch as the rights of the parties have been adjudicated on the basis of the facts shown to exist at the time of the divorce, there can be no justification for changing the decree unless there is a showing of substantial change in circumstances.[1] The contentions she relies on to meet that requirement are: that in 1974 she was involved in an accident which necessitated $4,000 in medical expenses; and it left her ability to use her right hand somewhat impaired. She also cites the steadily increasing costs of food, clothing and all other living expenses, plus the fact that as the children grow older their needs

---

1. *Ring v. Ring*, 29 Utah 2d 436, 511 P.2d 155.

are greater; and further, that she feels entitled to a better class of living environment. In justification of her request she points out that the defendant's income rose from $14,000 in 1973 to $19,000 in 1977.

Plaintiff has been employed at $750 per month. But she terminated that employment. (Her statement that there were good and sufficient reasons is not doubted.) She stipulated that her earning capacity is $600 per month, which, together with the $200 a month child support, would give her an income of $800 per month.

Factors pointed out as opposed to the plaintiff's contentions, and in support of the trial court's determination are: that the defendant himself has had a corresponding increase in expenses; that the plaintiff does not distinguish between her desires for enhancing her own standard of living and any increased needs of the children.

It was upon the basis of the facts, which are stated above in generality, that the trial court was not persuaded that there was any such substantial change in circumstances that he should increase the child support to $175 per month as plaintiff requests.

■ Even though it be true that such proceedings are in equity which this court may review the evidence and make its own findings,[2] the well-settled rule which we have often stated is that, due to the advantaged position and the responsibilities of the trial court in such matters, we will accord some verity to his actions; and we will not disturb his findings nor the determination made thereon unless it appears that the evidence preponderates against them so that an inequity or injustice has resulted.[3]

■ In applying the rule just stated there are certain other observations which we think have validity as applied to the fact situation here: the first is that under our law both the mother and the father are responsible for the support of the children.[4]

Therefore, even though in the decree the duty of support was placed primarily and mostly upon the defendant, the trial court is not necessarily obliged to continue that burden entirely and exclusively upon him. Second, the issue for the court to adjudicate was the needs of the children and not necessarily the manner and standard of living desired by the plaintiff.

■ While an increase of the defendant's income is certainly an important factor to consider, this proposition is also true: the fact that a man may so use his abilities as to increase his income should not necessarily impose a penalty upon him by automatically increasing his obligations under a divorce decree. The increase in income is only to be considered along with the other facts and circumstances concerning the needs of the children and the ability of the father and mother to provide for them. There is yet another matter which, though not of controlling importance, the trial court could legitimately give some attention to in judging the equities as between these parties and the welfare of their children. That is that this defendant appears to have willingly and regularly made the payments required by the decree, which is all too frequently not the case.

■ It is to be appreciated that family relations problems are often suffused with such complexity that reasonable minds may arrive at different solutions to them. Whether the justices of this Court, or any particular justice, would have arrived at the same conclusion as the trial judge, or whether some other trial judge would have done so is not the test of its validity. Giving effect to the prerogative and the responsibility of the trial judge as hereinabove set forth, we are not persuaded that he abused his discretion, nor that such an inequity or injustice resulted that we should disturb his findings and judgment. In view

2. See Art. VIII, Sec. 9, Utah Const.; and see *Barker v. Dunham*, 9 Utah 2d 244, 342 P.2d 867.

3. *Mitchell v. Mitchell*, Utah, 527 P.2d 1359.

4. U.C.A.1953, 78–45–3. Duty of man.—Every man shall support his wife and child.

U.C.A.1953, 78–45–4. Duty of woman.—Every woman shall support her child; and she shall support her husband when he is in need.

of that conclusion, we do not consider the plaintiff's request for an award of attorney's fees.

Affirmed. The parties shall bear their own costs.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.