**Marita MUIR, Plaintiff and Appellant,**

v.

**Michael D. MUIR, Defendant and Appellee.**

**No. 900603–CA.**

Court of Appeals of Utah.

Nov. 12, 1992.

Suzanne Marelius (argued), Littlefield & Peterson, Salt Lake City, for plaintiff and appellant.

Duane H. Gillman, Leslie J. Randolph (argued), McDowell & Gillman, P.C., Mary J. Woodhead, Watkiss & Saperstein, Salt Lake City, for defendant and appellee.

Before GARFF, JACKSON and RUSSON, JJ.

## OPINION

GARFF, Judge:

Appellant Marita Muir (Wife) appeals an order modifying the parties' decree of divorce. The modification reduced appellee Michael D. Muir's (Husband) obligation to pay alimony from $1,500 to $900 a month. The modification also ordered Husband to pay $3,000 of Wife's attorney fees, which amounted to approximately $15,000. We reverse and remand.

## FACTS

The parties were married for more than twenty years before their divorce on September 16, 1985. At the time of the modifi-

cation hearing, five years later, all three of the parties' children had attained majority.

At the time of the divorce, the court found, pursuant to the parties' stipulation, that each party had received an equal property distribution. The distribution provided that Husband would receive all the common stock owned by the parties in Fairmont Bowl and that Wife would receive the parties' residence. The court ordered Husband to assume liability for loans incurred by Fairmont Bowl and it ordered Wife to assume the mortgage debt on the residence.

The court ordered Husband to pay Wife alimony of $1,500 per month "until [Husband's] obligation ... is terminated because of the death of one of the parties, the remarriage or cohabitation by [Wife] or because of further order of the court based on some other valid and lawful reason to terminate alimony pursuant to the laws of the state of Utah." The court ordered each party to pay his or her attorney fees and costs "resulting from and incident to this action."

During most of the parties' marriage, and at the time of the divorce, Husband derived all of his income from his majority ownership of Fairmont Bowl. At the time of the divorce, he owned 78% of the company's stock, with the remainder held by his father. Since the divorce, Husband's ownership increased to 96.61%, as a result of gifts of stock from his father. The parties' children own the remaining stock.

In August 1989, five years after the divorce, Husband petitioned for modification of the alimony order, claiming a substantial change in material circumstances since entry of the decree. He sought a reduction in alimony for one year, followed by complete termination.

Husband based his petition for modification on a claim that, since the divorce, his income had decreased and Wife's income had increased. Specifically, Husband claimed that while gross revenues of his business had remained consistent, expenses had increased, depreciation had decreased, and his business needed extensive capital investment.

Husband also claimed Wife's income had substantially increased since the time of the divorce. He presented evidence showing that her income from her seasonal job as a flight attendant averaged $1,400 gross per month in the first nine months of 1990.

At trial, Husband's accountant testified that Husband had total discretion over the amount of money he took as compensation each year. Wife's accountant testified that Husband's calculations were misleading. Wife's accountant also testified that Husband received benefits in addition to his stated salary including automobile expenses, travel expenses, health insurance, auto insurance, costs, country club costs, and tax deferred benefits including pension contributions. Husband also benefitted from the fact that his new wife drew a salary from the corporation.

At trial, the court permitted Wife's attorney to proffer testimony regarding the amount and reasonableness of attorney fees. Husband's attorney did not object. The proffer included itemizations and affidavits of Wife's former attorneys. Wife's attorney proffered that total fees and costs incurred in defending the petition for modification were $13,179, along with estimated trial fees of $2,600. She then concluded her proffer: "I have been a practicing attorney for ten years in this area. And that the rate I am charging is commensurate with my experience and expertise in the field." Again, Husband's attorney did not object nor did he cross-examine Wife's attorney. Wife's attorney requested leave to supplement the record with a final itemization of the trial fees. Husband's attorney proffered fees of $6,000 for the modification action.

In October 1990, the trial court concluded there had been a substantial change in material circumstances justifying modification of the original alimony award. The court based its conclusion on the following findings: (1) the assets of the marriage had been divided equally; (2) Wife's annual income had increased from $12,000 to $17,000; (3) Husband's annual income had decreased from $118,600 to $81,600; and (4)

Husband needed to reinvest in the business:

> ... [Husband] in the near future is going to have to put some big—well, some money into his business in order to stay up with the competition.

The court then found:

> [Wife] has incurred substantial legal fees approximating $15,000 for her representation in these proceedings. [Husband] has incurred legal fees for representation in these proceeding of $6,000. .... The Court further concludes that [Husband] should be required to pay his own attorney's fees in these proceedings and that he should also be required to pay to [Wife] for the use and benefit of her counsel in the matter the sum of $3,000.

Wife appeals, claiming the court erred in determining there had been a substantial change in material circumstances because the underlying findings were inadequate and erroneous. She also claims the court abused its discretion in awarding a substantially smaller attorney fee than that requested. We reverse and remand.

## MODIFICATION OF ALIMONY

■ A trial court has discretion to modify a divorce decree after it has determined that there has been a substantial change of material circumstances subsequent to the decree, not contemplated at the time of the decree. *Jense v. Jense,* 784 P.2d 1249, 1251 (Utah App.1989), *cert. dismissed,* 795 P.2d 1139 (Utah 1990); *Woodward v. Woodward,* 709 P.2d 393, 394 (Utah 1985) (per curiam).

We first consider whether the findings adequately support the determination that there has been a substantial change in material circumstances. In this regard, "the trial court must make findings on all material issues, and its failure to delineate what circumstances have changed and why these changes support the modification made in the prior divorce decree constitutes reversible error unless the facts in the record are clear, uncontroverted and only support the judgment." *Whitehouse v. Whitehouse,* 790 P.2d 57, 61 (Utah App.1990); *accord* *Acton v. Deliran,* 737 P.2d 996, 999 (Utah 1987); *Throckmorton v. Throckmorton,* 767 P.2d 121, 124 (Utah App.1988); Utah R.Civ.P. 52(a). Further, findings "should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached." *Acton,* 737 P.2d at 999; *accord, Gardner v. Gardner,* 748 P.2d 1076, 1078 (Utah 1988) (quoting *Rucker v. Dalton,* 598 P.2d 1336, 1338 (Utah 1979)); *Whitehouse,* 790 P.2d at 61.

## CLOSELY–HELD CORPORATIONS

Determining Husband's income is complex because he derives his income from a closely-held corporation.

■ This court and the supreme court have held that when a spouse owns a closely-held corporation, including a professional corporation, a trial court must do more than rely only on the spouse's stated income. *See, e.g., Jones v. Jones,* 700 P.2d 1072, 1076 (Utah 1985); *Christiansen v. Christiansen,* 667 P.2d 592, 594 (Utah 1983).

In order to determine whether the court's findings were adequate, we consider what constitutes "all material issues." Obviously, all material issues must relate to "a substantial change of circumstances subsequent to the decree, that was not originally contemplated within the decree itself," *Jense v. Jense,* 784 P.2d 1249, 1251 (Utah App.1989) (citing *Woodward v. Woodward,* 709 P.2d 393, 394 (Utah 1985) (per curiam)), and "must relate to the basis upon which the original award was made by the trial court." *Id.* at 1251–52.

Because of the nature of alimony, the substantial change goes to financial and property interests and circumstances of the parties. *Montoya v. Montoya,* 696 P.2d 1193, 1194–95 (Utah 1985).

■ A temporary increase or decrease in the payor's income does not necessarily constitute a substantial change. *English v. English,* 565 P.2d 409, 412 (Utah 1977) (substantial change does not occur when party "experiences unusual prosperity dur-

ing one year"). Nor does a temporary change in the payee's income necessarily constitute a substantial change. *Ring v. Ring,* 29 Utah 2d 436, 511 P.2d 155, 159 (Utah 1973); *Felt v. Felt,* 27 Utah 2d 103, 493 P.2d 620, 624 (1972).

For example, in *Jones,* the supreme court held the trial court erred in considering only the husband's stated income. 700 P.2d at 1076. The trial court should have considered that the husband "had control over the entire profit, but chose to take only half of it as personal income and to set the rest aside for reinvestment in the business." *Id.* The court noted the proper balance between the need to reinvest in the business and the need to pay alimony:

> If these capital needs [of the business] are a result of discretionary decisions of the husband to expand and improve the business, rather than to maintain it in its present condition, then to permit him to divert income into the business at the expense of his ex-spouse's support needs would be to permit him to enrich himself at her expense.

*Id.* In *Christiansen,* the court held that "where an ex-husband has a wholly-owned corporation, a trial court may consider both his individual income and the corporation's income in considering a petition by the divorced wife for modification of alimony and child support." 667 P.2d at 594. The *Christiansen* court affirmed a finding that the payor benefitted more than his stated corporate salary indicated. *Id.* The court affirmed a finding that the payor benefitted personally from expenditures of the business for an employee benefit program and auto allowance. *Id.* at 593–94; *see also, Naylor v. Naylor,* 700 P.2d 707, 709 (Utah 1985) (trial court correctly considered benefits to payor such as bonuses, pension contributions, and profit-sharing accounts); *Hinckley v. Hinckley,* 815 P.2d 1352, 1354 (Utah App.1991) (court "not bound by [business owner's] allocation of business income in determining whether he is still able to pay alimony.").

Trial courts may consider many factors when evaluating a business owner's income, *see, e.g., Sorensen v. Sorensen,* 839 P.2d 774, 777 (Utah 1992) (accounts receivables may be used to pay alimony); *Naylor,* 700 P.2d at 709 (may consider corporate benefits such as bonuses, pension contributions, and profit-sharing accounts); *English,* 565 P.2d at 412 (may consider business owner's historical earning ability to determine income); *Rasband v. Rasband,* 752 P.2d 1331, 1333 (Utah App.1988) (may upwardly adjust husband's stated income because of "his ability to expense some personal use items through his business.").

Here, the court made four findings to support its conclusion that there had been a substantial change in material circumstances: (1) the assets of the marriage had been divided equally; (2) Wife's income had increased; (3) Husband's income had decreased; and (4) Husband needed to reinvest in the business.

■ The first finding does not relate directly to a substantial change. However, it is relevant to the extent it establishes a baseline from which the court can determine whether a substantial change has occurred. *See, e.g., Higley v. Higley,* 676 P.2d 379, 382 n. 1 (Utah 1983).

■ The next two findings relate directly to a substantial change in circumstances. But these findings, of an increase in Wife's income and a decrease in Husband's income, without more specificity, do not necessarily support a conclusion of a substantial change in circumstances. *See, e.g., Ring,* 511 P.2d at 159; *Felt,* 493 P.2d at 624.

■ In a case such as this, where Husband's finances and the finances of the business are intertwined, a bottom line finding regarding Husband's income does not "include enough subsidiary facts to disclose the steps by which the court's ultimate conclusions were reached." *Whitehouse v. Whitehouse,* 790 P.2d 57, 61 (Utah App.1990). For example, some important subsidiary facts the court should have considered include: why Husband's income significantly decreased when his ownership in the business increased by eighteen percent; evidence that the company substan-

tially reduced its liabilities in 1988; evidence of Husband's net worth statements in credit applications made since the decree; and, testimony regarding "loans to shareholders" on the books of the business amounting to cash not included in Husband's compensation.

The trial court also failed to find whether Husband benefitted beyond the salary earned from the closely-held corporation. The record indicates that Husband received travel and auto allowances, auto and life insurance, tax deferred benefits including pension contributions, and that his new wife drew a salary from the corporation. *See Naylor*, 700 P.2d at 709. As in *Christiansen*, any such expenses paid by the corporation should be added to the stated salary.[1] *Christiansen*, 667 P.2d at 593. Obviously, all of these "business expenses" contributed to the bowling alley's decreased profitability since the divorce.

The finding that Husband would soon need to reinvest in the business is problematic because the court failed to find whether the reinvestment constituted a "discretionary decision ... to expand and improve" or whether the reinvestment was to "maintain it in its present condition." *Jones*, 700 P.2d at 1076.

Accordingly, we remand for the trial court to enter adequate findings, supported by sufficient evidence, regarding whether the material circumstances of these parties have or have not substantially changed in ways not contemplated by the original decree such that modification of the decree may be warranted.[2]

## ATTORNEY FEES

Wife claims the court abused its discretion in awarding only $3,000 in attorney fees when the amount proffered was much greater.

■ The district court has discretion to order either party to pay the other party's attorney fees in a divorce action. Utah Code Ann. § 30-3-3 (1989); *Maughan v. Maughan*, 770 P.2d 156, 162 (Utah App. 1989). Section 30-3-3 includes attorney fees incurred in modification proceedings and in appeals. *See Maughan*, 770 P.2d at 162.

■ In order to award attorney fees, the trial court must find (1) the requesting party is in need of financial assistance; (2) the requested fees are reasonable; and (3) the other spouse has the ability to pay. *Crouse v. Crouse*, 817 P.2d 836, 840 (Utah App.1991); *Haumont v. Haumont*, 793 P.2d 421, 425 (Utah App.1990); *Riche v. Riche*, 784 P.2d 465, 470 (Utah App.1989).

In determining the reasonableness of attorney fees, the court may consider

> the difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result attained, and the expertise and experience of the attorneys involved.

*Rasband v. Rasband*, 752 P.2d 1331, 1336 (Utah App.1988) (quoting *Cabrera v. Cottrell*, 694 P.2d 622, 625 (Utah 1985)).

■ Where "the evidence supporting the reasonableness of requested attorney fees is both adequate and entirely undisputed, ... the court abuses its discretion in awarding less than the amount requested *unless* the reduction is warranted" by one or more of the established factors. *Martindale v. Adams*, 777 P.2d 514, 517–18 (Utah App.1989).

---

1. We do not suggest that the new wife's income should be added to Husband's stated salary. However, the new wife's income most likely relieves Husband of a portion of his stated expenses.

2. In the event the trial court on remand determines there has been a substantial change in material circumstances not contemplated by the decree, the court must then make specific and adequate findings reflecting the *English* factors to support a modification of the alimony award. That is the court must make findings regarding (1) Wife's ability to provide for herself the standard of living contemplated in the decree; (2) Husband's ability to pay the full alimony amount; and (3) Wife's needs. *English*, 565 P.2d at 411–12.

Here, the court permitted Wife's attorney to proffer testimony regarding the amount and reasonableness of attorney fees. Husband's attorney did not object. The court then found that Wife incurred legal fees amounting to approximately $15,000. It ordered Husband to pay only $3,000 of those fees, offering no explanation for the reduction.

Other than its previous finding relating to an increase in Wife's income, the court failed to find whether Wife needed financial assistance. In addition, while the court made general findings regarding Husband's income, it made no findings regarding Husband's ability to pay Wife's attorney fees. Moreover, despite evidence proffered by Wife's attorney, the court failed to make findings regarding the reasonableness of the fees.

Because the proffered evidence of Wife's attorney fees was adequate and entirely undisputed, the court abused its discretion in reducing the requested amount from a sum of more than $15,000 to $3,000 without a finding that the reduction was warranted by one of the established factors.

In addition, our remand of the alimony issue may have an effect on the award of attorney fees. *See, e.g., Rudman v. Rudman,* 812 P.2d 73, 77 (Utah App.1991).

We therefore remand the issue of attorney fees for the court to make specific findings regarding Wife's financial need and Husband's ability to pay. In the event the court finds both need and ability to pay, it must then make independent findings regarding the reasonableness of all fees and costs of all the attorneys Wife has employed to defend the petition to reduce and eliminate alimony, including fees incurred on appeal.

## CONCLUSION

We remand the issue of alimony for the court to make specific findings, supported by sufficient evidence, regarding whether the material circumstances of these parties have or have not substantially changed in ways not contemplated by the original decree such that modification of the decree may be warranted. We also remand the issue of attorney fees for the court to make specific findings regarding Wife's financial need, Husband's ability to pay, and regarding the reasonableness of the fees requested, both for the modification hearing and this appeal.

JACKSON and RUSSON, JJ., concur.