Submitted on appellant's brief August 9, affirmed
August 27, 1973

PIERSON, *Appellant, v.* PIERSON (No. 302-052),
*Respondent.*

513 P2d 521

Philip H. Lowthian, and Anderson, Hall, Lowthian
& Gross, a Professional Corporation, Portland, for ap-
pellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

This is an appeal in which the divorced mother of four minor children contends that the increase in child support resulting from a hearing which she initiated was inadequate and should be increased. The mother filed suit for divorce in 1964 in which she asked custody of the four children of the parties. The father did not appear, and the mother was awarded the decree of divorce, care, custody and control of the four children, and the sum of $25 per month for the support of each of the four children.

Except for some minor arrearages the father, since 1964, has complied with the child support provisions of the decree. In 1973 the mother moved for a modification of the decree. Her motion was supported by her affidavit, which stated in pertinent part:

"When I was divorced, Defendant had just begun work at North West Natural Gas Company and child support was set at $25.00 per month.

"He has now worked for North West Natural Gas Company for a period in excess of ten years and earns between $800.00 and $1,000.00 per month. $100.00 per month is a reasonable child support for each of the four children issue of this marriage.

"When the divorce was granted, Plaintiff was employed. She is no longer employed and for several years has been on welfare drawing $172.00 every two weeks for a total of $344.00 per month. If $100.00 per month was awarded, Plaintiff would be able to remove herself from the welfare rolls."

At the hearing the mother appeared with counsel; the father appeared without counsel. The evidence showed that during the 8½ years which intervened between the entry of the divorce decree and the modification hearing the father had continuously held the same job and experienced an increase in gross earnings from approximately $6,500 in 1964 to $10,250 in 1972. The evidence also indicated that the father's financial condition, apparently because of recurrent drinking problems, was not good.[1]

The mother's testimony corroborated her affidavit in so far as it stated that she was on welfare at the time of the hearing. She testified that the two oldest boys had been with her brother in New York since 1972, when she had sent them there because she was unable to support them herself. She testified that she had not provided anything for their support since that date.

Upon the conclusion of the hearing the trial judge modified the child support provision of the divorce decree by an order which stated:

"*   *   *   *   *

"Commencing March 1, 1973 the Defendant shall pay to the Plaintiff on account of Defendant's child support obligation the sum of $25 per month per child for each of the two oldest minor children of the parties, plus the sum of $60 per month per child for each of the two youngest minor children of the parties, for a total child support obligation of $170 per month payable through the Director of Judicial Administration.

"Plaintiff has leave to bring the matter of child support back before the Court in the event one or

---

[1] The record indicates that the father was under the influence of alcohol at the time he appeared in court at the modification hearing.

both of the two oldest minor children of the parties returns to the geographic boundaries of the State of Oregon.

"* * * * *."

We do not read the order as saying that the father has no obligation to support the two oldest children so long as they reside in New York, or that the trial judge would consider a modification as to the support of those two children only when and if they return to Oregon. We interpret the order, in light of the colloquy which took place between the trial judge and counsel prior to its entry, as disclosing that the trial judge: (1) recognized that $25 per month was an insufficient amount for the support of a child; (2) was not satisfied that the mother would in fact use any additional money awarded to her for the support of the two boys who were in New York for that purpose; (3) upon the presentation in a future hearing of satisfactory evidence that money so awarded would be so used, would increase the support money allowance for those children; and (4) indicated that the return of the children to the state of Oregon would be a strong form of evidence satisfactory to the court that additional money awarded for the support of those children would, in fact, be so used.

Under the circumstances the order of the court was reasonable, and we will not disturb it.

Affirmed.