Argued June 16, affirmed as modified; remanded July 14, 1975

## MOODY, *Appellant, v.* MOODY (No. 96438), *Respondent.*

538 P2d 82

*William E. Flinn,* Eugene, argued the cause for appellant. With him on the brief were Flinn, Lake & Brown, Eugene.

*Robert B. Dugdale,* Eugene, argued the cause for respondent. With him on the brief were Sahlstrom, Lombard, Starr & Vinson, Eugene.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

Plaintiff mother sought an increase in child support from $100 to $175 per month for each of two minor children. She appeals from an order of the trial court increasing support to $125 per month per child, contending that this increase is insufficient.

The parties were divorced in April 1970, the mother being awarded the custody of their two children, one of whom was then just under seven years of age and the other not quite five years of age. The divorce decree provided that the father pay child support of $100 per month per child for one year, and thereafter $75 per month per child and, in addition, required that any health insurance available to him in connection with his employment or otherwise cover the children. The decree did not provide for payment of alimony. At the time of the divorce the father was earning a net of approximately $10,000 per year.

In July 1972 the mother, in a motion to modify, alleging that the father's income and the children's expenses had both substantially increased, sought an increase in child support to $125 per month per child. This motion was never heard; in August 1972, based on stipulation, the decree was modified to provide for $100 per month per child.

In October 1974 the mother commenced proceedings to obtain $175 per month per child. The proceedings culminated in a hearing in February 1975 which resulted in the order giving rise to this appeal.

The father's salary has risen from a net of $10,000 in 1970 to a net of over $13,000 in 1974, plus annual bonuses in varying amounts. He testified that his 1974 bonus was $7,200 gross, but that with business condi-

tions as they were at the time of the hearing, his next bonus might be drastically reduced if not eliminated.

The mother, although presently physically able to work and possessing certain technical skills has, at least until recently, not even sought employment because of emotional problems, which resulted from a serious physical illness. The mother and children have been living on a combination of support money paid by the father, a small income from an aunt which is due to terminate in a few months, and largesse in the form of food and clothing from other relatives. The mother is now actively seeking employment.

The mother's unrefuted testimony indicates that while the children need more as they grow older and inflation increases costs, her principal reason for again seeking an increase in child support is unanticipated substantial outgo for dental and medical expenses not covered by the health insurance maintained by the father in accordance with the terms of the original decree. Both children have allergies and significant dental problems.

The mother knew that the father's income had increased substantially at the time she stipulated to support of $100 per month per child. The record does not indicate a change in circumstances since that time justifying more than the 25 percent increase ordered by the trial judge except in one respect—medical and dental expenses. We deem it appropriate to require the father to pay as child support, in addition to the amount awarded by the trial judge, necessary future medical and dental expenses incurred in behalf of the children and not covered by the father's health insurance.

Affirmed as modified and remanded for entry of an order in accordance with this opinion. No costs to either party.