Argued March 22, affirmed April 12, 1976

In the Matter of the Dissolution of the Marriage of
SCHEER, *Respondent,*
*and*
SCHEER, *Appellant.*
(No. 6447, CA 5200)
548 P2d 179

*Rolf T. Olson,* Salem, argued the cause for appellant. With him on the briefs were Dye & Olson, Salem.

Schroeder, Denning & Hutchens and W. F. Schroeder, Vale, filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Denecke, Judges.

LANGTRY, J.

## LANGTRY, J.

This is the second appeal to this court respecting the amount of child support to be paid by father. In the previous appeal, *Scheer and Scheer,* 13 Or App 551, 513 P2d 174 (1973), we modified the amount of support for the three children in mother's custody by a reduction therein from $150 to $100 per child per month. At that time father's income was at a level of $620 per month. Some two years thereafter mother moved for an increase in the amount of support for the three children, father opposed, and after hearing, the circuit court ordered an increase to $175 per month per child, and father has appealed that decision.

The parties had five minor children at the time of the marriage dissolution in 1972. The oldest two were placed in father's custody and the youngest three in mother's. The oldest two are now of majority age and self-supporting, the youngest three are in grade and high schools and require support.

Since the decree, father has changed his place of chiropractic practice, and for several months prior to the hearing had attained an average level of over $2,500 per month gross income and was assured of no less than $2,000 per month from which he was required to pay income taxes and professional dues, but not overhead expenses.

Mother had attained additional income from her school teaching profession, but much less proportionately than had father.

In raising the support for the three youngest children from $100 to $175 each per month, the trial court noted the substantial increase in father's income and then said:

"* * * He is salaried and is relieved from the substantial overhead costs most non-salaried professional persons encounter. He is not burdened with any indebtedness remaining from the marriage and has only such debts as he voluntarily incurred by his remarriage and

[ 129 ]

acquisition of properties in Klamath Falls. Further, the two older children are now emancipated and he has no further financial obligation for their care. The children in [mother's] custody are two years older and two years further into the vortex of inflation. This court views the changes of circumstances from June, 1973 [the month of our decision on the previous appeal], to the present as substantial in character justifying an increase in the allowances for child support.

"[Mother's] budget for maintenance of the family home and care for the children is reasonable. Considering the present capacity of the [father] to pay reasonable support and the reasonable needs of the children, the court will modify the decree to increase the support from $100 to $175 per month each."

Father's brief seeks to impress us with what he claims is mother's favorable financial condition, and his poor one. We simply do not view the proof as substantiating his conclusions. The trial court's conclusions are well borne out by the record we have read, and on our de novo review we have come to agreement with them. Mother's brief on appeal has requested us to raise the amount of support for each child to $250 per month. She had requested $175 in her motion. Her request is denied.

Affirmed.