In the Matter of the Dissolution of the Marriage of
GROSSI, *Appellant,*
*and*
GROSSI, *Respondent.*
(No. 83465, CA 5458)
549 P2d 676

*John Bassett,* Milwaukie, argued the cause and filed the brief for appellant.

*Robert A. Bennett,* Portland, argued the cause for respondent. With him on the brief were Willner, Bennett, Riggs & Skarstad, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

The mother appeals from the order of the circuit court which denied her motion to modify the support provisions of a dissolution of marriage decree entered in October of 1973.

She alleges that the following are sufficient changes of circumstances to justify increasing child support from $60 to $120 per month: (1) her babysitting costs have risen from $66 to $77 per month; (2) her food expenses have risen from $45 to $95 per month; (3) her rent has increased from $150 to $167 per month; (4) the cost of clothing their son has risen by $15 to $20 per month since it is no longer possible to clothe him in gifts and hand-me-downs; and (5) the father's income has increased from $570 to $750 per month.

■ This court has frequently stated that the changes of circumstances necessary to warrant modification must be of the type not foreseeable at the time of the original decree. *Delf and Delf,* 19 Or App 439, 528 P2d 96 (1974).

■ In *Delf,* we stated that although increased expenses resulting from a child becoming older may be considered in determining whether modification is proper, such changes alone do not justify modification every year or two. Thus, the increased expenses pointed to by the mother, being mostly attributable to the child becoming older, are not sufficient reason, standing alone, to warrant modification of the decree entered less than two years before.

■ However, the mother relies on more than just increased expenses: she also points to the father's increased income. At the time of the original decree the father's income was $570 per month. It permitted only the low support obligation of $60 per month. Now, the father's income has risen to $750 per month. Considering this significant increase a modification to provide for $90 per month support is appropriate. *See,*

[ 429 ]

*Betts v. Betts,* 18 Or App 35, 523 P2d 1055 (1974); *Pierson v. Pierson,* 14 Or App 404, 513 P2d 521 (1973).

Reversed and remanded for entry of a decree on modification consistent with this opinion. Costs to appellant.