ROBERTS, J.
Appellant-father brings this appeal from an order modifying the dissolution-of-marriage decree.
The parties’ marriage was terminated by a dissolution-of-marriage decree entered in February, 1973, after eight years of marriage and the birth of three children. The original decree ordered child-support payments by the father of $75 per month per child along with other temporary payments.[1] In April, 1977, respondent-mother petitioned the trial court to increase the child-support payments to $150 per month per child and to allow her the income tax deduction for the children. After hearing the witnesses and arguments, the court ordered an increase in child support to $125 per month per child and allowed the income tax deduction to the father. Father claims error in the admission of certain evidence.
Father’s seven assignments of error can be grouped into three categories. First, it is claimed that evidence of the father’s income in 1972, the year before the dissolution decree, was irrelevant and should not have been considered in determining if there had been a change of circumstances. In Greisamer and Greisamer, 276 Or 397, 555 P2d 28 (1976), the Oregon Supreme Court faced a similar question. The issue was whether the trial court could look to evidence of the circumstances existing before the original child-custody decree in ruling on the petition for modification of that decree. The Supreme Court held that, while issues once litigated could not be relitigated, evidence of circumstances existing before entry of the decree might be relevant in determining whether changes of circumstances shown were sufficient to justify modification of the decree.
*[562] "This conclusion does not offend the policy underlying the principle of res judicata. This is not an instance where the plaintiff is seeking to readjudicate a question previously decided; plaintiff is asking only that facts previously considered but which are essential to decide an existing and new dispute, be used as evidence. A review of our previous decisions indicates that in modification proceedings events prior to the original decree have been relied upon in determining what will serve the best interests of the child. * * *” Greisamer and Greisamer, supra at 401.
In this case, mother introduced evidence of father’s income at the time of entry of the original decree. That evidence was essential in determining if there had been a significant increase in that income since entry of the decree.[2] No error was committed in the admission of the evidence.
Secondly, father claims error in the admission of evidence relating to matters that were foreseeable and anticipated at the time of the decree. In particular, he contends that evidence that certain payments, which the original decree required to be paid for a limited time, had terminated should not have been considered. On our de novo review, we do not consider the termination of those payments as relevant to a modification; clearly, such a change was anticipated at the time of the original decree.
In the same category of errors, father contends that increased costs of living and increased expenses of the children were necessarily in the contemplation of the judge at the time of the original decree, and so are not of the type which can support modification of the decree.
Father relies upon the cases of Grossi and Grossi, 25 Or App 427, 549 P2d 676 (1976); Amico and Amico, 23 Or App 71, 540 P2d 1017 (1975); and Delf and Delf, *[563] 19 Or App 439, 528 P2d 96 (1974), for the proposition that to support the modification of a decree, a change of circumstances must be unforeseeable and unexpected. These cases stand for the proposition that changes such as increased costs of living and increased expenses for children as they grow older, although foreseeable, are to be considered along with other factors in determining if there has been a change of circumstances sufficient to support modification of a decree. There was no error in admitting the evidence complained of.
Finally, father complains that certain evidence concerning the cost of orthodontic services needed for two of the children was hearsay and should not have been admitted. We do not consider the hearsay evidence and therefore do not reach that assignment of error.
The evidence that the income of the father increased by approximately 50 percent, the factors of inflation and maturation of the children, and the move by the mother to a larger city[3] satisfies the requirement of a change in circumstances. The increased child support from $75 per month per child to $125 is justified.
Affirmed. No costs to either party.

In addition to $75 per month per child, father was required to. pay $125 per month for the first nine months as further child support. Father also was ordered to make the final payment on the automobile which was awarded to the mother, and to make the mortgage payments on the parties’ house, use of which was allowed to the mother for some six months.

 An affidavit by father submitted during the dissolution-of-marriage proceeding indicated an income of $10,000 per year in 1972. Father testified that he had an income of $14,693 in 1973 and $16,772 in 1976.

 The mother and children have moved from Marcóla to Eugene. Her testimony was that the move had opened new opportunities for the children, that they were taking advantage of the opportunities, and that the activities required increased expenditures.