In the Matter of the Marriage of
NIBLER, nka SHAFER, *Appellant,*
*and*
NIBLER, *Respondent.*
(No. 39650, CA 12316)
590 P2d 796

W. Wallace Ogdahl, Salem, argued the cause for appellant. On the brief were Donald R. Jacobs, and Ferder & Ogdahl, Salem.

Donald H. Joyce, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is an appeal from a denial by the circuit court of a motion by mother to increase the father's child support obligation for the parties' two minor children. The decree, entered December, 1971, provided that the father was to pay $75 per month per child, then aged seven and five. The mother's motion sought to increase the support payment to $200 per month per child.

The trial court found no change in circumstances justifying the increase. In this *de novo* review we find that the increased income of the father, *Hill and Hill,* 31 Or App 41, 569 P2d 686 (1977), combined with the increased expenses of children as they become older, *Wilkins and Wilkins,* 31 Or App 559, 570 P2d 1016 (1977); *Grossi and Grossi,* 25 Or App 427, 549 P2d 676 (1976), is a sufficient change in circumstances to warrant a modification in child support.

At the time of the dissolution father's income was $750 per month and at the time of the hearing it was $1,650 per month. Father has not remarried and from time to time has had a sister living with him who has contributed $150 per month to household expenses. Mother was earning approximately $800 per month at the time of the dissolution; in 1977 she earned approximately $440 per month. She has remarried and is not presently employed; she apparently anticipates returning to school.

Relying on *McKeever and McKeever,* 36 Or App 19, 583 P2d 30 (1978), father argues that mother, by not working, has effectively eliminated her income and thus abandoned her obligation to help support the children. Father contends that this should relieve him of any increase in child support. We disagree. The record indicates that mother's present husband, whose son also lives in the household, is employed and contributing to the support of the family. Under these circumstances the fact that mother is not working does not negative the father's obligation of child support.

There is no question but that there has been a change of circumstances where father's income has more than doubled and the costs of maintaining and providing for the children have in fact substantially increased. We conclude that the circumstances justify an increase in child support to $125 per month per child, and the decree should be so modified.

Affirmed as modified. No costs to either party.