Argued March 1, affirmed as modified,
April 23, 1979

In the Matter of the Marriage of
CHRISTOPHER, *Respondent,*
*and*
CHRISTOPHER, *Appellant.*
(No. 344-347, CA 11687)
593 P2d 1229

Terrance C. Hunt, Portland, argued the cause and
filed the brief for appellant.

Evans W. Van Buren, Jr., Portland, argued the cause for respondent. With him on the brief was White, Sutherland, Parks & Allen, Portland.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

Respondent (father) appeals from an order modifying a 1969 dissolution decree by increasing father's obligation for child support from $125 per month per child to $225 per month per child, and awarding petitioner (mother) $780 in attorney's fees plus costs. Mother had requested increased support to $350 per month per child, based on her allegations that the cost of supporting the children had increased because they were older and that father's income had increased substantially since the original decree. Father does not contest that part of the order requiring him to pay $700 to apply on one son's orthodontia expenses; he had paid previously $500 toward similar expenses of his other son.

In the year following the dissolution the father's gross annual income was $9,881; the mother's was $7,683. Those gross incomes have increased to approximately $28,000 and $14,100 respectively. The increase in father's gross income, however, does not accurately reflect his spendable income. In 1969, his employer paid his expenses as a salesman such that he received $800 per month "net" income, plus the use of a company car. Subsequently, and at the time of the hearing, his compensation was changed to a gross commission out of which he is required to pay all of his business expenses. The record indicates that after deducting those expenses, father's income is about the same as the mother's.

While the mother does not seriously dispute this fact, she argues that father is able to deduct those expenses for tax purposes, which she is not able to do, which reduces father's tax liability by some undisclosed amount. While that observation is correct, those expenses effectively reduce father's net income substantially. In 1977, father's after tax income was $10,375; the record does not disclose that of mother. While mother does not have the benefit of substantial business deductions, her salary as a teacher is for a school year, leaving her summers free. The father

[741]

lives in an apartment in southern California and has recently remarried; his new wife has a net income of $850 per month, which is being applied by her on premarital debts. After those debts are paid, she intends to quit work. The mother, who has not remarried, lives with the children in a house she purchased in 1974, the down payment coming from a small inheritance.

We agree with the trial court's conclusion that there has been a sufficient change in circumstances to justify a modification in child support, *Nibler and Nibler,* 38 Or App 589, 590 P2d 796 (1979). However, considering the mother's equal obligation to contribute to the support of the children, *D'Ambrosio v. D'Ambrosio,* 15 Or App 435, 438, 515 P2d 1353 (1973), we conclude that the circumstances here do not justify an increase in the father's child support obligation to more than $175 per month per child.

In 1969, mother's monthly expenses were $700; at the time of hearing they were $975, excluding payments on two installment contracts. Assuming that the two children account for about two-thirds of the increase of $275, $180 would be attributable to them, or $90 for each of them. We conclude that father's share of that increase should be $50 per child. Mother's concern that the oldest child hopes to start college in four years is premature.

The father contends that the trial court erred in awarding mother her attorney's fees and costs, yet he offers no reason why such an award is improper. At the hearing, he stipulated to what would be reasonable fees, if fees were to be awarded, and it is that amount which was awarded.

Accordingly, the order of the trial court modifying the decree is modified to provide that father shall pay the sum of $175 per month for the support of each child.

Affirmed as modified. Costs to neither party.