In re the MARRIAGE OF Pearl Jean HUGHES, Appellee,

and

Alvin Ray Hughes, Appellant.

No. 81CA0139.

Colorado Court of Appeals, Div. II.

Oct. 22, 1981.

Weiner & Schiller, Richard A. Weiner, Englewood, for appellee.

Lozow & Lozow, Gary Lozow, Denver, for appellant.

KELLY, Judge.

Alvin Ray Hughes appeals a trial court order modifying the decree of dissolution of marriage by increasing child support from $100 to $250 per month. He contends that the trial court lacked evidence of a change in circumstances sufficient to find the original order unconscionable under § 14–10–122(1), C.R.S.1973. We vacate the order.

When the marriage was dissolved in 1972, the father was earning between $30,000 and $40,000 per year, and the mother was temporarily unemployed. The decree divided their real estate, awarded $100 per month in child support to the mother, and provided for various other payments to her. The father subsequently married the owner of a beauty supplies business, who loaned him money to pay debts he had reaffirmed during his 1974 bankruptcy proceedings. Since then, he has worked full time for his wife, receiving all his living expenses and an $800 per month expense account.

The mother has worked as a lab technician for the past seven years. Her net income is $938 per month, and her mortgage payment is $117 per month. She supports the parties' daughter and her daughter from a previous marriage. The mother testified that the parties' child is now a teenager and requires more expensive clothing and recreation.

The trial court found that the father had the ability to pay an increased amount of child support, and that the cost of feeding and clothing the child had increased as the child grew from six to thirteen years of age. In the trial court's view, the father's ability to pay and the child's increased age constituted a change in circumstances making the terms of the agreement unconscionable and justifying an increase in child support from $100 to $250 per month.

The trial court may modify an award of child support "only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Section 14–10–122(1), C.R.S. 1973. There is a heavy burden of proof on the party who seeks modification of a child support order under § 14–10–122(1), C.R.S. 1973. *In re Marriage of Lodholm*, 35 Colo. App. 411, 536 P.2d 842 (1975). In determining whether the terms of the decree have become unconscionable, the trial court should apply the criteria set forth in § 14–10–115(1), C.R.S.1973. *See In re Marriage of Lowery*, 39 Colo.App. 413, 568 P.2d 103 (1977), *aff'd*, 195 Colo. 86, 575 P.2d 430 (1978).

No evidence was presented concerning the financial resources of the child or her emotional or educational needs. The mother testified that the child's needs had increased because she was now a teenager and required more money for clothes and recreation, but she failed to provide particular information concerning the cost of clothing and recreation in 1972 compared with the cost at the time of the hearing. There was no evidence concerning the standard of living the child would have enjoyed had the marriage not been dissolved. Evidence of the father's ability to pay an increased amount of child support is insufficient alone to justify modification.

The effects of inflation are a proper factor to be considered in an action for child support modification. *See In re Marriage of Wilkins*, 31 Or.App. 559, 570 P.2d 1016 (1977); *Beck v. Jaeger*, 124 Ariz. 316, 604 P.2d 18 (1979). Nevertheless, there must be proper proof of the rate of inflation and its specific effects on the petitioner's circumstances. Again, no testimony was offered in the instant case regarding the rate of inflation or its impact on the expenses of raising a child.

The order is vacated, and the cause is remanded for further hearing.

VAN CISE and TURSI, JJ., concur.