Argued and submitted May 7, affirmed as modified August 18,
reconsideration allowed; former opinion withdrawn;
reversed and remanded for further proceedings
(60 Or App 313, 653 P2d 278)
November 10, 1982
Case dismissed November 17, 1982

In the Matter of the Marriage of

WINNER,
*Respondent,*
*and*
WINNER,
*Appellant.*

(No. 417-956, CA A23322)

649 P2d 611

Peggy Nagae, Portland, argued the cause for appellant. With her on the brief was Nagae, Nash & Hoarfrost, Portland.

Lewis B. Hampton, and Bolliger, Hampton & Tarlow, P.C., Portland, waived appearance for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Mother appeals from a trial court order denying her motion to increase child support. The threshold issue is whether mother sustained her burden of proving a change of circumstances.

The decree was entered in 1975. Mother was awarded custody of the parties' child. Father was ordered to pay nominal child support and the child's medical and dental expenses. The decree was modified by stipulation in 1977 to provide that father would pay $80 monthly support.

At the hearing in December, 1981, mother testified that the support needs of the child had increased substantially since 1977. By her affidavit and testimony, she represented that the child's monthly expenses were $389 in 1977 and $628 in 1981. She had made her estimates "very conservatively," and she testified that

"* * * there was [sic] lots of expenses that were not listed * * * and it's impossible to go back because most of our things are paid by cash."

In 1977, mother's income was $15,500. She now earns $22,500. Father's 1977 income was $17,412. He now earns $30,936. Father has remarried, and his new wife, who was recently injured, is presently unemployed. In his affidavit, father represented that his expenses exceed his income. He offered no evidence on the support needs of his child.

■ The parties' child, age 17, was a high school senior. She expected to graduate in June, 1982. She had been working part-time, earning about $140 per month, but planned to terminate her employment in January, 1982, because she was pregnant.[1] The father of her child had contributed nothing to her medical expenses.

The trial court said:

---

[1] It is not clear from the record what financial impact the pregnancy is having on mother. In her affidavit, she represented that the pregnancy "has added a substantial medical expense which is not covered by [father's] medical insurance." However, she testified that she does not expect father to pay directly for the medical and hospital expenses resulting from the pregnancy.

"* * * The motion is denied. There has been no showing of a substantial change of circumstances and although the support figure in 1977 was low, that's the one that the Court has to live with and everybody's got to live with * * *."

To prevail, mother must show that there had been a substantial change in the circumstances of the parties since the entry of the 1977 support order. Our review in this case is *de novo*. We therefore make our independent determination of the issues from the record as a whole. *Delf and Delf,* 19 Or App 439, 528 P2d 96 (1974).

 The child has grown older.[2] Father's gross income has increased substantially since 1977.[3] Mother's income has also increased, but to a lesser extent. The support needs of the parties' child has increased from $389 in 1977 to $628 in 1981. Because of the pregnancy, mother has unanticipated expenses for medical and hospital care for the parties' child.[4] Furthermore, because of the pregnancy, the child will lose income that formerly helped pay for some of her personal needs, clothing and entertainment. Finally, the 1977 support order was "low."[5]

 *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), instructs us that, generally, the parents' contribution to the support needs of a child is to be apportioned according to their respective abilities to pay and traditional principles of equity. The financial circumstances with respect to the duties of support of the parties' child have significantly

---

[2] Increased expenses resulting from the child's growing older may constitute a substantial change of circumstances. *Wilkins and Wilkins,* 31 Or App 559, 570 P2d 1016 (1977); *Delf and Delf,* 19 Or App 439, 528 P2d 96 (1974).

[3] Increase in a non-custodial parent's income may constitute a substantial change of circumstances. *See, e.g., Hill and Hill,* 31 Or App 41, 569 P2d 686 (1977); *Grossi and Grossi,* 25 Or App 427, 549 P2d 676 (1976); *Scheer and Scheer,* 25 Or App 127, 548 P2d 179 (1976); *Betts v. Betts,* 18 Or App 35, 523 P2d 1055 (1974); *Pierson v. Pierson,* 14 Or App 404, 513 P2d 521 (1973).

[4] Unanticipated medical expenses incurred by custodial parent on behalf of a child may constitute a substantial change of circumstances. *Moody v. Moody,* 22 Or App 121, 538 P2d 82 (1975). *Both* parents have an obligation to provide their child with necessary medical care. ORS 107(1)(b); *see Jimenez v. Lee,* 274 Or 457, 465, 547 P2d 126 (1976).

[5] The trial court found that the 1977 support order was "low." That fact may be considered at a modification hearing. *See Amico and Amico,* 23 Or App 71, 540 P2d 1017 (1975).

changed. We conclude that mother has shown a substantial change of circumstances.

Applying the *Smith* formula to the evidence in the record, we conclude that father's child support obligation should be increased to $365 monthly from the date mother filed her motion to modify. *Smith v. Smith, supra.*

Father's child support obligation is increased to $365 monthly from the date mother filed her motion to modify.

Decree affirmed as modified. Costs to mother.