Jana C. CHRISTIANSEN, Plaintiff and Respondent,

v.

Kent CHRISTIANSEN, Defendant and Appellant.

No. 18132.

Supreme Court of Utah.

June 23, 1983.

Craig M. Snyder, Provo, for defendant and appellant.

Allen K. Young, Provo, for plaintiff and respondent.

STEWART, Justice:

This is an appeal from a modification of a divorce decree. The trial court granted a petition by plaintiff for increased child support, denied a cross-petition by defendant for decreased alimony, and awarded $200 in attorney's fees to plaintiff. We affirm.

Defendant is a dentist specializing in root canal therapy. Plaintiff has a master's degree in educational psychology. They were married in 1972 at the completion of defendant's undergraduate degree. They have two children by their marriage, who at the time of the modification hearing were ages three years and eighteen months.

In July 1979 the parties were divorced. The divorce decree gave custody of the children to plaintiff and required defendant to (1) pay to plaintiff monthly alimony of $650 and monthly child support of $275 per child; (2) maintain hospital and medical insurance policies in full force on plaintiff and the two children; and (3) pay to plaintiff a lump sum of $16,000.

At the time of the divorce decree, plaintiff was unemployed and had no source of support other than defendant. Since then plaintiff has been working three days a week as an educational psychologist for the Provo School District, although she suffers from a rather serious case of rheumatoid arthritis. Her net monthly income is $550, but her job has required her to spend $250 per month for child care while she is away from home. The funding for the job she holds is somewhat tenuous because of tight budgetary problems in the school district.

In 1981 plaintiff petitioned for an increase in child support. She alleged increased expenses for housing, child care, transportation, food, clothing, and other expenses. Defendant opposed the motion and cross-petitioned for a decrease or elimination of alimony because of plaintiff's new source of income. Defendant also cross-petitioned for termination of his obligation under the divorce decree to maintain medical insurance on plaintiff.

The trial court found that plaintiff had shown "changed circumstances" by virtue of increased housing payments, additional child care expenses of $250 per month, and inflation. The court also found that the defendant had an increased ability to provide child support, stating:

> [D]efendant has increased his gross income considerably since the Decree of Divorce was entered [into] when his net income was approximately $30,000.00 per year. His present mode of doing business through a personal corporation and payment of a salary is not indicative of the real earnings of the defendant..... [A]n increase of approximately $19,000.00 has been established in the gross earnings in the 1980–81 period.

The court's finding that defendant's mode of doing business "is not indicative of the real earnings of the defendant" is based on a substantial discrepancy between the defendant's real earnings through his corporation and his corporate salary. Although we cannot determine exactly the basis of the trial court's finding on income, the record provides support for the finding that defendant was benefited by at least as much as the court found, if not more. In 1980 the corporation earned $141,535 in gross income. From that, defendant received a salary of $38,000. The remainder was paid out for various expenses. Part of those expenses, however, benefited the defendant in a personal way: $31,000 was paid to an employee benefit program, at least part of which, if not all, was for the benefit of the defendant, and $790 was paid out for a car allowance. Added to defendant's salary, and his interest income of $5,300, these benefits show defendant's personal income to have increased to in excess of $19,000, even after personal income tax is deducted.

The trial court awarded an increase in child support of $175 per child per month. The court denied defendant's request for a decrease in alimony, finding that "a sufficient change of circumstances has not been shown to justify the reduction or elimination of the alimony paid by defendant to plaintiff." Finally, the court did not rule on defendant's request to be relieved of

payments to maintain medical insurance coverage on plaintiff, and awarded the plaintiff $200 in attorney's fees.

On appeal, defendant argues that the trial court erred in (1) granting the increase in child support; (2) denying a decrease in alimony; (3) not terminating his obligation to maintain medical insurance for plaintiff; and (4) awarding attorney's fees to plaintiff.

To provide stability to divorce decrees, we have ruled that a party seeking a modification of support obligations must show a substantial change of circumstances. *E.g. Adams v. Adams,* Utah, 593 P.2d 147 (1979). The nature of the required change in circumstances varies with the type of modification sought. *Foulger v. Foulger,* Utah, 626 P.2d 412 (1981).

In our review of divorce and child support proceedings, this Court accords substantial deference to the trial court's findings of fact, and accords it considerable latitude in fashioning appropriate relief. *Fletcher v. Fletcher,* Utah, 615 P.2d 1218 (1980); *Cox v. Cox,* Utah, 532 P.2d 994 (1975); *Mitchell v. Mitchell,* Utah, 527 P.2d 1359 (1974); *Harding v. Harding,* 26 Utah 2d 277, 488 P.2d 308 (1971). This deference applies as much to findings in a modification proceeding as to findings in the initial divorce decree. *McCrary v. McCrary,* Utah, 599 P.2d 1248 (1979); *Mitchell v. Mitchell, supra.* Thus in *Mitchell v. Mitchell, supra,* at 1361, we stated: "The determination of the trial court that there has been a substantial change of circumstances, which justified the increase of support and maintenance, is presumed valid.

■ In the present case, the evidence adequately supports the finding of changed circumstances. First, the defendant has significantly increased his ability to provide support to plaintiff. Although the record does not establish the exact increase in defendant's net income, his gross income in 1980–81 increased by at least $19,000. Second, plaintiff's reasonable expenses for care of the children have increased substantially. For child care alone she spends an additional $125 per child per month. Both

factors—the husband's increased ability to pay and the wife's increased expenses—are appropriate to consider in determining whether there are changed circumstances. *Gramme v. Gramme,* Utah, 587 P.2d 144 (1978); *English v. English,* Utah, 565 P.2d 409 (1977). *See also Mitchell v. Mitchell, supra.* Although an increase in the husband's income does not automatically justify an increase in his child support obligations, it is an important factor to be considered. *Owen v. Owen,* Utah, 579 P.2d 911 (1978); *Wells v. Wells,* Okl., 648 P.2d 1223 (1982).

■ Defendant argues that the trial court should not have considered an increase in corporate income when determining his personal ability to pay. This Court has held, however, that where an ex-husband has a wholly-owned corporation, a trial court may consider both his individual income and the corporation's income in considering a petition by the divorced wife for modification of alimony and child support. *Garrand v. Garrand,* Utah, 581 P.2d 1012 (1978). Also, defendant argues that the trial court improperly considered his gross earnings, when only net are relevant. It appears from the record, however, that the trial judge did consider the net value of the increase in gross earnings, for at the end of the hearing he requested for review defendant's individual and corporate tax returns.

■ Defendant also argues that plaintiff's increased expenses are more than offset by plaintiff's increased income of $550 per month from her new job. That increase, however, compared with increased expenses for the children and the increase in defendant's income, is small. When a divorced husband's income has increased substantially and his former wife's income has increased much less and the needs of the children have also increased, it is equitable that the husband pay increased child support.

The facts of this case are substantially similar to the facts of other cases where increased child support has been ordered. In *MacDonald v. MacDonald,* 30 Or.App. 99,

566 P.2d 542 (1977), the father's gross annual income had increased from about $10,000 to $21,000, and the mother's from about $6,500 to $13,000, over a ten year period. The trial court's increase in child support from $110 to $200 per month was sustained. *See also Beddoes v. Beddoes,* 155 Colo. 115, 393 P.2d 1 (1964) (improvement in mother's financial condition did not warrant decrease in child support); *In re Winner,* 58 Or.App. 597, 649 P.2d 611 (1982). Furthermore, because plaintiff suffers from extreme rheumatoid arthritis and the funding that supports her salary may be cut off, her continued employment is somewhat uncertain.

■ We also sustain the trial court's refusal to decrease alimony. The purpose of alimony is "to provide support for the wife as nearly as possible at the standard of living she enjoyed during marriage, and to prevent the wife from becoming a public charge." *English v. English,* Utah, 565 P.2d 409, 411 (1977). This calls for determining "the financial conditions and needs of the wife, the ability of the wife to produce a sufficient income for herself; and the ability of the husband to provide support." *Id.* at 411–12. Where the wife takes a steady, full-time job after the divorce decree, and thereby increases her income, a reduction of alimony, under certain circumstances, may be appropriate. *See, e.g., Haslam v. Haslam,* Utah, 657 P.2d 757 (1982). However, it is not required as a matter of law. *Carter v. Carter,* Utah, 584 P.2d 904 (1978); *Dehm v. Dehm,* Utah, 545 P.2d 525 (1976); and *King v. King,* 27 Utah 2d 303, 495 P.2d 823 (1972), are not authority to the contrary. They hold only that a wife's increased income is one factor to consider in determining whether to grant or deny a decrease in alimony. That factor was considered here. Furthermore, in none of these cases was the wife's employment and health as tenuous as in the present case.

In the present case, as we have just noted above, both the wife and husband have increased their incomes. In gross annual amounts, plaintiff has increased her income by $9,600; defendant has increased his by at least $19,000. Given defendant's much larger increase in the capacity to pay alimony and plaintiff's modest and tenuous ability to earn money, it was within the trial court's discretion to deny defendant a decrease in alimony.

■ The defendant claims that the trial court committed reversible error in denying a decrease in alimony by not making findings of fact supporting the ruling. The contention is without merit in light of the trial court's findings concerning the financial status of the parties.[1] Furthermore, the argument ignores *Chandler v. West,* Utah, 610 P.2d 1299, 1301 (1980), where we stated:

> Findings of fact and conclusions of law may not be necessary in the denial of every action to modify a divorce decree, except to state that the change of circumstances does not warrant modification.[2]

*See generally Romrell v. Zions First National Bank,* Utah, 611 P.2d 392, 395 (1980).

Defendant also argues that a decrease in alimony is mandated by a paragraph in the findings of fact and conclusions of law of the divorce decree, which was incorporated from a stipulation and property settlement agreement signed by the parties prior to the divorce decree. The paragraph reads:

> The parties further stipulate and request that the Court make a finding of fact that ... future increases in alimony shall

1. The Modified Decree states:
   The Court further concludes that a sufficient change of circumstances has not been shown to justify the reduction or elimination of the alimony paid by defendant to plaintiff, and the amount provided in the original decree shall continue.

2. *Compare Stoddard v. Stoddard,* Utah, 642 P.2d 743 n. 1 (1982), where, in commenting on *Chandler v. West, supra,* we stated:

Other language in the *Chandler* opinion suggests that findings of fact and conclusions of law may not be necessary where "the change of circumstances does not warrant modification", except to so state. However, for the reasons set out in this opinion, even in that circumstance complete findings and conclusions are desirable, if not necessary, as an aid to parties, counsel, and the reviewing court.

be based solely upon plaintiff's economic needs without regard to a possible increase in defendant's income status.

The argument is that because this paragraph ties increases in alimony to plaintiff's economic needs, a decrease in plaintiff's needs requires a decrease in alimony. However, even assuming the validity of the clause, the conclusion does not follow from the language of the stipulation.

Defendant also alleges on appeal that the trial court erred in not terminating his obligation to maintain plaintiff on his medical insurance. We find nothing in the decree or findings indicating that the trial court addressed the issue one way or the other. We therefore remand the case for a decision on that issue.

Also, defendant contends that the award of $200 in attorney's fees was error. U.C.A., 1953, § 30–3–3 provides for an award of attorney's fees in actions for the support and maintenance of children.[3] In divorce modification proceedings, however, a need for the award must be shown. *Kallas v. Kallas*, Utah, 614 P.2d 641 (1980). Here the findings as to the plaintiff's financial status are sufficient to justify the award.

Affirmed as to the child support, alimony, and attorney's fee, but remanded for a decision as to whether the defendant's obligation to maintain health insurance for plaintiff should continue.

Costs to respondent.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.

---

3. Section 30–3–3 reads:
  The court may order either party to pay to the clerk a sum of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action.